### George Washington v. Commonwealth.

**Criminal Law—Grand Larceny—Receiving Stolen Goods—Evidence.**

When the accused is on trial for stealing doeskin cassimere, or for receiving it knowing it to have been stolen, in order to make out the latter offense the state had a right to prove that the accused about that time had received other stolen goods.

**Evidence in Larceny Case.**

In an indictment for larceny evidence that the prisoner had committed another distinct felony than that for which he is on trial is inadmissible.

APPEAL FROM BOURBON CIRCUIT COURT.

December 21, 1878.

Opinion by Judge Elliott:

Appellant and John Henderson were indicted for the crime of having stolen a piece of doeskin cassimere, and a piece of diagonal or piquet of the value of over ten dollars. They were also indicted for having received these goods, knowing them to be stolen goods. The evidence conduced to prove that the diagonal or piquet piece of goods had been stolen several months before that of the doeskin cassimere. The charge was that the goods had been stolen from the mercantile establishment of S. E. Tipton & Company, Paris, Kentucky.

On appellant's motion the appellee was ruled to elect for which offense it would prosecute appellant, and it elected to prosecute for the offense for stealing and receiving the doeskin cassimere, knowing it to have been stolen.

After the introduction of evidence tending to prove that John Henderson had stolen the goods, and that appellant was along with him both when the goods were stolen and when they were found in Henderson's possession, the appellee, over appellant's objection and exceptions, was permitted to prove that the diagonal cloth (the indictment for stealing which had been dismissed as to appellant) had been found in the possession of Peter Mason, and Peter testified that some time before the arrest of appellant he had purchased the goods of him.

The appellant was on trial for stealing the doeskin cassimere, or for receiving it, knowing it to have been stolen, and in order to make out the latter offense the state had a right to prove that the

prisoner about that time had received other stolen goods. But in this case when the commonwealth closed its evidence it had made out the crime of larceny or nothing, and did not insist on any instructions as to the count for receiving stolen goods.

The appellant then moved the court to exclude from the jury all the evidence tending to show either that he had stolen the diagonal cloth or received it, knowing that it had been stolen, and to the overruling of this motion the appellant excepted.

There are several classes of crimes where other offenses of like nature may be proved against the prisoner to show the intention with which he committed the offense charged, as where one is accused of passing counterfieit money, forging written instruments or receiving stolen goods. Other offenses of a similar nature are admitted for the purpose of showing the guilty motives of the prisoner in the commission of the offense charged.

But on an indictment for larceny evidence that the prisoner had committed another and distinct felony than that for which he is on trial is clearly inadmissible. Indeed, that is the general rule as to indictable offenses.

"Testimony of the prisoner's guilt, or participation in the commission of a crime, wholly unconnected with that for which he is put on his trial, cannot, as a general rule, be admitted." Roscoe's Criminal Evidence, 92 (note) ; *Dunn v. State*, 2 Ark. 229; *Commonwealth v. Call*, 21 Pick. (Mass.) 515.

Therefore, as the appellant was on trial on the charge of having stolen a piece of doeskin cassimere, all evidence tending to prove him guilty of the distinct crime of having stolen the diagonal cloth was inadmissible, and should have been excluded by the court from the jury.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Charles Offcutt, for appellant.   Moss, for appellee.*