## Biggs v. Commonwealth.

(Decided April 21, 1915.)

### Appeal from Carter Circuit Court.

1. Homicide—Self Defense.—Where the defense to the commission of a homicide is self defense, of the perpetrator, or defense of another, the in good faith belief of the accused for the necessity of the homicide, based upon reasonable grounds for such belief, must be submitted to the jury, and not the belief of the jury, as to the necessity for the action of the accused.

2. Homicide—Self Defense—Instructions.—To state in an instruction some of the facts proven in evidence in support of a plea of self defense, and predicate the right of the accused to act, or to entertain a belief of his imminent peril upon the jury's belief of the existence of such facts, is nearly always prejudicial.

G. W. E. WOLFFORD and CALHOUN B. WILHOIT for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, Robert Biggs, and his brother, Buck Biggs, were indicted in the Carter Circuit Court, and accused by the indictment of the crime of willful murder, which it was alleged was committed by the appellant and his brother on the 25th day of May, 1914, by willfully, feloniously, and with malice aforethought, killing and murdering James Case, by stabbing and cutting him with knives; that each of them did the stabbing and cutting, and each was present for the purpose of and did willfully and feloniously, and with malice aforethought, aid, abet, assist, incite, and encourage the other in doing the cutting, wounding, and murdering of the said Case. This is a second appeal to this court from a judgment of conviction against the appellant. Upon his first trial, the appellant and his brother, Buck Biggs, were tried

together. From the judgment of conviction upon that trial, they prayed an appeal to this court, which reversed the judgment. The opinion of this court in the case will be found in 159 Ky., 836. The opinion is referred to for a statement of the facts of the case.

Upon a return of the case to the court below, the appellant asked for a separate trial upon the indictment, and upon his separate trial at the February term of the Carter Circuit Court, he was found guilty by the jury of voluntary manslaughter, and his penalty fixed at an indeterminate sentence of imprisonment of not less than five years, and not exceeding ten years, and the judgment of the court was rendered accordingly. He filed grounds for a new trial and moved the court to set aside the verdict and judgment, and to grant him a new trial, which motion was overruled, and he again appeals to this court.

The grounds upon which he seeks a reversal of the judgment are: First, because the court erred in overruling his motion for a continuance. Second, because the verdict of the jury was made by lot. Third, because the court erred to his prejudice in failing to instruct the jury upon the whole law applicable to the case. Fourth, because the court erred in giving instructions Numbers 1, 2, 3, 4, 5, 6, 7. Fifth, because the verdict is not sustained by the evidence and is contrary to law. Sixth, because the court, after the jury had remained together for one day without making a verdict, said to them, ''This case is very important to the Commonwealth and the defendant, and that you should make a verdict; that they were given a great deal of latitude in the instructions.'' Seventh, because the court erred in admitting incompetent testimony, and rejecting competent testimony, to which the defendant objected. The necessary objections and exceptions were made to present all of these questions to this court for determination.

No error was committed in overruling appellant's motion for a continuance, because he filed his affidavit containing what he alleged he could prove by absent witnesses, and the Commonwealth's attorney admitted that the witnesses, if present, would make the statements contained in the affidavit, and agreed that it might be read as the depositions of the absent witnesses, and the court thereupon overruled his motion for a continuance.

Nothing is offered upon which the second ground for a new trial could be based at all.

There was sufficient evidence to sustain the verdict, and for that reason the fifth ground for a new trial is not meritorious, and counsel do not insist that any errors were made by the court in the rejection and admission of testimony upon the trial.

Counsel for appellant, by their brief, only insist upon the grounds stated in the third, fourth, and sixth grounds for a new trial. These grounds relate to alleged errors of the court in giving and withholding instructions to the jury, as to the law applicable to the case on trial, and to the remark made by the trial judge to the jury, as detailed above.

Seven instructions were given to the jury by the court, as to the law applicable to the particular facts of the case. Instructions one, two, five, six, and seven are substantially correct, and not subject to any meritorious criticism.

The appellant claimed that he did the cutting with a knife, which resulted in the death of Case, and that he did same in his self-defense, and in defense of his brother, Buck Biggs. The evidence is contradictory as to the participation of Buck Biggs in the fighting, which resulted in Case's death, and, also, as to the actions of the appellant in the fight. Buck Biggs denied cutting the deceased or participating in the fight. The only defense which appellant offered, was that of self-defense, as stated above. The instruction, by which it was attempted, to present the appellant's defense for consideration by the jury, was the fourth instruction given by the court. This instruction did not correctly state the law of self-defense, as it has been so often held by this and other courts, and was prejudicial to the substantial rights of the accused. By its terms, it limited the right of the accused, to defend himself or his brother, by reason of his, in good faith, belief, that he or his brother was then in impending danger of death or great bodily harm at the hands of the deceased, to the belief upon the part of the jury, that the deceased was then about to inflict death or great bodily harm upon him or his brother. It, in effect, told the jury, that, although the accused in good faith believed and was sustained by reasonable grounds for his belief, that he, or his brother, was then and there about to suffer death or great harm,

at the hands of the deceased, before it could allow his defense, it must first believe from the evidence, that he or his brother were in actual danger of suffering death or great harm from the deceased, and unless such actual danger did exist according to its belief, the honest belief of the accused availed him nothing. The instruction does not in any place provide, that the accused might act upon what, might reasonably appear to him, from the circumstances surrounding him, to be his peril or that of his brother, but submits his right to defend himself upon what appeared to the jury to have been his actual necessities, at the time and place of the homicide. The right of an individual to fight in his self-defense arises, from his belief for the necessity of it, and not from the belief of the jury as to the necessity for it. However, before an individual can proceed to ˙assault another because of his belief that he is in imminent danger of death or great harm, at the hands of˙ such other, he must have such grounds for his belief, as by the exercise of a reasonable judgment, would cause such a belief to arise. 1 Roberson's Crim. Law & Proc., Sec. 163; Coffman v. Com'th., 10 Bush, 496; Hollaway v. Com'th., 11 Bush, 344; Cockrill v. Com'th., 95 Ky., 22; Austin v. Com'th., 28 R., 1087; Bohannon v. Com'th., 8 Bush, 482; Pace v. Com'th., 89 Ky., 204; Utterback v. Com'th., 22 R., 1011; Barnes v. Com'th., 22 R., 1802; Cleveland v. Com'th., 101 S. W., 931; Sizemore v. Com'th., 158 Ky., 492; Stanley v. Com'th., 86 Ky., 440; Ayers v. Com'th., 32 R., 1234; Wagner v. Com'th., 32 R., 1185; Amos v. Com'th., 16 R., 358; Harvey v. Com'th., 5 R., 203; Mundy v. Com'th., 81 Ky., 233; Adkins v. Com'th., 26 R., 496; and many other cases and all the text writers.

In the case of Arnett v. Com'th., 137 Ky., 260, this court sustained a conviction, where an instruction was given upon the subject of the right of the accused to kill in defense of another, and in which instruction, the right of the accused to act in defense of the other, was to some extent predicated upon the fact of an assault by the deceased upon such other person, before the accused shot the deceased, and had to some extent the fault of the instruction condemned in this case, but in that case there was no evidence contradicting the fact of the assault, and the instruction was not prejudicial

to the accused, and we presume that was the reason for permitting the judgment to stand.

Whatever one may lawfully do in his own defense, another may do for him. A belief in good faith, based upon reasonable grounds for such belief, that a felony is in process of commission, and which can only be prevented by the killing of the would-be perpetrator of the felony, will excuse the killing. Wharton's Criminal Law, Sec., 533; Bishop's Criminal Law., Sec. 877; Stanley v. Com'th., 86 Ky., 441; Pace v. Com'th., 89 Ky., 210; Arnett v. Com'th., 137 Ky., 260.

An instruction, such as the fourth given by the trial court, in this case, was condemned by this court in the case of Sizemore v. Com'th., Austin v. Com'th, Cleveland v. Com'th., *supra;* and in the cases of Ossenback v. Com'th., 30 R., 749; Ellis v. Com'th., 30 R., 348; and Heck v. Com'th., 163 Ky., 518.

Upon another trial upon the facts in this case, the court should give instructions one, two, five, six, and seven, and in place of instruction No. 4, it should give the following: "Although the jury may believe from the evidence beyond a reasonable doubt, that the defendant cut with a knife, and thereby killed the deceased, James Case, in Carter County, Ky., yet, if it believes from the evidence, that at the time he so cut and killed the deceased, he (defendant), in good faith believed, and had reasonable grounds for so believing, that he or his brother, Buck Biggs, was then and there in danger of death or great bodily harm, at the hands of the deceased, and that there appeared to the defendant, exercising a reasonable judgment, at the time, and under the circumstances, no safe way to avert said danger to himself or brother, real or to the defendant apparent, except to cut and kill the deceased, and in so doing, he used no more force than was necessary or in the exercise of a reasonable judgment appeared to him, at the time, to be necessary to protect himself or his brother, Buck Biggs, from the danger, at the hands of the deceased, real or to him apparent, it, the jury, will find him not guilty."

Instruction No. 3, as given by the trial court, does conform to the requirement of Section 239, of the Criminal Code. Williams v. Com'th., 80 Ky., 313; Arnold v. Com'th., 24 R., 1921. Upon another trial, the court will give instead of instruction No. 3, the following: "If

the jury believe from the evidence beyond a reasonable doubt, that defendant is guilty of murder, as set out in instruction No. 1, or No. 5, or is guilty of manslaughter, as set out in instructions No. 2 or No 6, but have a reasonable doubt of which offense he is guilty, murder or manslaughter, it will find him guilty of the lesser offense, manslaughter, and fix his punishment as directed in instruction No. 2."

The sixth ground relied upon for reversal is, that after the jury had been considering their verdict for some time, the court said to it: "This case is very important to the Commonwealth and the defendant, and you should make a verdict; that they were given a great deal of latitude in the instructions." This was only intended by the court, as we presume, as a reason for directing the jury to further consider of their verdict, but was unfortunate in the language used, but it is not probable that it will occur again.

For the reasons indicated, the judgment is reversed, and remanded to the court below, with directions to set aside the judgment and grant the appellant a new trial, and for proceedings in conformity to this opinion.