## PETERS *v.* STATE OF INDIANA.

[No. 23,904.   Filed October 7, 1921.]

RECEIVING STOLEN GOODS.—*Aggregation of Reception.*—*Grade of Offense.*—Where goods are received at several times in pursuance of a conspiracy as to the particular goods, the values of the reception may be aggregated in fixing the grade of the offense.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Prosecution by the State of Indiana against Ernest Peters. From a judgment of conviction, the defendant appeals. *Affirmed.*

*W. W. Sharpless* and *Henry C. Springer,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—Appellant was convicted by a jury of receiving stolen goods of the value of over $25. The court rendered judgment on the verdict and from such judgment appellant appeals.

The questions presented by appellant's brief arise upon the action of the court in overruling appellant's motion for a new trial. They are: (1.) The verdict of the jury is not sustained by sufficient evidence; (2.) the verdict of the jury is contrary to law.

The statute, §2273 Burns 1914, Acts 1905 p. 584,

§381, provides that: "Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, taken by robbers, embezzled, or obtained by false pretense, knowing the same to have been stolen, taken by robbers, embezzled, or obtained by false pretense, shall, if the goods be of the value of twnty-five dollars or more, on conviction, suffer the punishment prescribed for grand larceny and if the goods be of the value of less than twenty-five dollars shall suffer the punishment prescribed for petit larceny."

The appellant claims that the verdict is not supported by sufficient evidence, because it does not show that the value of the stolen goods alleged to have been bought and concealed by appellant was $25 or more. It is not denied by appellant that the stolen goods received by defendant from the witness John Hughes exceeded in value $25, but he claims that the goods were delivered to appellant in nine different lots or installments, and that no single lot was of the value of $25 or more. The evidence shows that the goods consisted of brass stolen by the witness Hughes from the Baltimore and Ohio Railroad Company and was taken from the machine shop of said railroad company in the city of Garrett, Indiana; that, before any brass was taken, witness Hughes, who was eighteen years of age, met the appellant in an alley back of witness' home; that appellant was buying junk and he asked the witness Hughes if he could get him some brass and witness said he would try. About a week after this first meeting, the witness saw appellant again, and at that time a man named Myers, who the evidence shows was working for the appellant, Peters, was with him and Myers told the witness to go to the machine shops of the Baltimore and Ohio Railroad Company in the city of Garrett and get the brass and have it the next time they came

around. The next time they came around the witness had some brass and turned it over to appellant, who paid him for it and told him not to tell anyone where he got it. Hughes continued stealing brass from the machine shop of the Baltimore and Ohio Railroad Company and selling it to the appellant until he had delivered more than three hundred pounds of brass, the aggregate value of which was more than $25.

Where goods are received at several times in pursuance of a conspiracy as to the particular goods, the values of the receptions may be aggregated in fixing the grade 'of the offense. See, *Scarver* v. *State* (1876), 53 Miss. 407; *Cody* v. *State* (1892), 31 Tex. Cr. R. 183, 20 S. W. 398; *Weaver* v. *Commonwealth* (1905), 27 Ky. Law Rep. 743, 86 S. W. 551; *Woods* v. *People* (1906), 222 Ill. 293, 78 N. E. 607, 7 L. R. A. (N. S.) 520, 113 Am. St. 415, 6 Ann. Cas. 736; *Levi* v. *State* (1883), 14 Neb. 1, 14 N. W. 543.

It is clear from the evidence in the case at bar that the several acts of the witness Hughes, in stealing and delivering the brass to appellant, were the result of a single purpose and were in pursuance of a contract and conspiracy entered into between the appellant and Hughes, whereby Hughes was to steal the brass from the railroad company and appellant was to buy it from him. Under this evidence the jury properly found that the stolen goods received were of the value of more than $25.

The verdict is supported by the evidence and is not contrary to law. Judgment affirmed.

Myers, J., absent.