## Hatfield v. Commonwealth.

(Decided September 27, 1929.)

WOODS, STEWART, NICKELL & SMOOT, S. J. SPARKS and MOORMAN DITTO for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant was charged by indictment with the willful murder of his wife, and on his trial was convicted of the offense of voluntary manslaughter. From the judgment sentencing him to serve ten years in the penitentiary for that offense, he appeals.

It was the theory of the commonwealth that the appellant shot and killed his wife during a heated quarrel. It was the theory of the appellant that the shot which killed his wife was accidentally fired by him while he was loading a shotgun. As grounds for reversal, appellant urges errors in the instructions, errors in the admission and rejection of testimony, and misconduct of the attorney who assisted the commonwealth's attorney in the trial of this case. Appellant also urges that the court erred in declining to grant him a sought-for continuance, but as this case must be reversed because of errors in the instructions, it will not be necessary to notice this claim of the appellant, as the grounds on which it is based will not arise again.

The court gave seven instructions. The first instruction covered the issue of willful murder; the second, that of voluntary manslaughter. By the third instruction the jury were told that if they believed beyond a reasonable doubt that the appellant had committed either the crime of willful murder or voluntary manslaughter, but had a reasonable doubt as to the degree of the offense, then they "should find him guilty of the lesser offense, that of voluntary manslaughter." The fourth instruction was composed of definitions. The fifth instruction submitted as required by the facts of this case the issue of involuntary manslaughter; the sixth, that of accidental killing. The seventh instruction read: "The law presumes the defendant innocent until proven guilty beyond a reasonable doubt, and if the jury have a reasonable doubt that the defendant has been proved guilty they should find him not guilty." It will be noted that the court gave no instruction to the effect that, if the jury had a reasonable doubt as to whether the appellant had committed the offense of involuntary manslaughter or those of a higher degree, that is, murder or voluntary manslaughter, they should convict him of the offense of the least degree, that of involuntary manslaughter. Appellant contends that the failure to give such an instruction was prejudicial error. It was expressly so held in the case of Hayes v. Commonwealth, 210 Ky. 449, 276 S. W. 160. See also section 239 of the Criminal Code. On the authority of the Hayes case, the judgment in this case will have to be reversed.

So far as the error in the admission and rejection of testimony is claimed, only two instances are pointed out in brief. Appellant contends that the court erred in per-

mitting the commonwealth to prove during its cross-examination of him that he had taken a drink of whisky a short while before the homicide. In view of the theory of the commonwealth as to how this killing occurred, we find no error in the court's action in this regard. The other instance is based on the court's refusal to permit the appellant to read his affidavit as to what an absent witness, Lizzie Swartz, would testify if present. It is not shown by the record on just what ground the court based his ruling. As this witness may be present on the next trial of this case, it is proper to say that if she will testify as appellant in his affidavit said she would if present, her testimony concerning the dying declaration of appellant's wife, which was favorable to his theory of the case, will be competent and relevant. It was so held in the case of Haney v. Commonwealth, 5 Ky. Law Rep. 203, where the question of the admissibility of such a declaration is discussed at length.

The claim that the attorney employed to assist the commonwealth's attorney misconducted himself in his final argument is without merit. We have carefully read that part of his argument to which appellant objected. It was well within the record and based on legitimate conclusions. It did not exceed the bounds of allowable argument.

For the reasons hereinbefore stated, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.