# Lester v. Commonwealth.

(Decided Jan. 16, 1934.)

FOX & GORDON for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant, E. G. Lester, a negro physician practicing in Madisonville, Ky., was convicted of unlawfully receiving stolen property, knowing it to be stolen, a crime defined by section 1199 of the Kentucky Statutes, and was sentenced to a term of one year in the state penitentiary.

On this appeal he relies on the following grounds for a reversal of the judgment: (1) Error of the trial court in overruling his motion for a directed verdict in his favor; and (2) error in the instructions.

The evidence discloses that some time in May, 1932, Marvin Davis, a white man, stole a bag of surgical instruments, the property of Dr. A. F. Finley, a physician of Madisonville, Ky. The instruments were taken from Dr. Finley's automobile, which was parked in front of his home. Davis was arrested, charged with stealing the surgical instruments, was convicted, and sentenced to a term in the penitentiary. He testified at appellant's trial that he stole the surgical instruments and delivered them to Young Hawkins, a colored man living in Madisonville, and requested Hawkins to sell them for him. He told Hawkins that they had been given to him by his uncle who lived in Detroit. Hawkins testified that a day or two later his child was taken ill and he called Dr. Lester. He knew that Dr. Lester had lost some surgical instruments, and, while Lester was in his home, Hawkins asked him if he would be interested in

purchasing the bag of instruments which Davis had left in his possession. Lester asked him, in effect, if they had been stolen, and Hawkins told him what Davis had said in regard to his ownership of the property. Dr. Lester gave Hawkins $2 and told him he would take the instruments and examine them, and, if he found that he needed them, he would pay the owner $5. Appellant was not acquainted with Davis. Appellant testified that, when he examined the instruments, he found that a hypodermic needle which he needed was not included in the lot, and he returned the instruments to Hawkins and demanded the $2 he had paid. Hawkins was unable to repay the $2, and Lester retained the instruments, but left the bag with Hawkins. A few days later the instruments were found in his possession and he was arrested. Dr. Finley testified that the instruments stolen from him were worth about $40, and this was the only testimony as to their value. He also testified that he recovered most of the instruments that had been stolen, but not all of them. It was shown that Davis, before he delivered the bag to Hawkins, removed from it a package containing a hypodermic needle. There was no evidence as to the value of the needle nor was there any evidence as to the value of the property found in Lester's possession. The evidence that appellant knew the property had been stolen is slight, but there were some circumstances from which the jury might infer that he had such knowledge.

In view of these circumstances and the provision of the statute making possession of stolen goods prima facie evidence of guilt, it cannot be said the evidence was not sufficient to authorize a submission of the case to the jury. The court instructed the jury that, if they believed appellant received the stolen property, knowing it had been stolen, and that it was of the value of more than $20, they should find him guilty as charged in the indictment and fix his punishment by confinement in the state penitentiary for not less than one year nor more than five years, but, if they believed that the property was of less value than $20, then they should find him guilty of a misdemeanor. The court failed to instruct under section 239 of the Criminal Code of Practice, which provides that:

"If there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall only be convicted of the lower degree."

It is insisted that no instruction should have been given on the felony charge, since there was no evidence as to the value of the property received by appellant, but, as evidence on that point will probably be introduced on another trial, we deem it unnecessary to determine that question, since we have concluded that the court erred in failing to instruct the jury under section 239 of the Criminal Code of Practice. Under the facts of this case, the omission of such instruction was prejudicial error. Prewitt v. Commonwealth, 248 Ky. 845, 60 S. W. (2d) 122; Hatfield v. Commonwealth, 230 Ky. 630, 20 S. W. (2d) 461; Hayes v. Commonwealth, 210 Ky. 449, 276 S. W. 160; Breeden v. Commonwealth, 151 Ky. 217, 151 S. W. 407.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.