# Turner v. Commonwealth.

(Decided Jan. 22, 1937.)

R. L. POPE and J. O. BAKER for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant was indicted for the offense of willfully and feloniously striking Robert Redman with a deadly weapon. Ky. Stats. sec. 1166. He was found guilty and

his punishment fixed at confinement in the penitentiary for two years.

The appellant operated a gasoline station in Harlan county, and as an adjunct maintained a dispensary for the sale of intoxicating liquors. On the night of an undisclosed date, but within twelve months before the return of the true bill, Redman with his wife and a man by the name of Raines went to appellant's place and, as is claimed by the commonwealth's witnesses, Raines bought a half pint of whisky which the three proceeded to drink. Redman says as he and his party went into appellant's place Turner was "shoving some fellow out the door and hitting him with something." Mrs. Redman asked him what the trouble was about and "he asked her didn't she like it, and appellant had a pistol and began to slap and kick her, and "she started to the door and he kicked her again." Appellant then asked Redman if he "didn't like it," and he said, "No, and he hit me across the eyes with the back of his hand and that made me blind and he hit me again with something hard, but I got out to the truck and he smacked my wife again and her head hit the running board, and he told her to get up and he threw a gun on me and Ernest, and made us get in the truck and drive off."

Mrs. Redman testified that the party went into appellant's place, bought and drank a half pint of whisky, she drinking only a very small quantity; that when she got into the place she recognized Turner as an old acquaintance and jokingly asked him who the fellow was he was hitting on the head with the gun and he said, "That's my business." She says he then grabbed a gun and started kicking her out and asked Redman, "Don't you like it?" and hit him first with his fist and then with his gun which he had in his hand, causing his nose to bleed and making a bruised place over his eye. She then tells of appellant forcing them to get in the truck and leave. This was all the testimony offered by the prosecution.

Appellant testified that when Redman and his companions came into his place they were all under the influence of liquor; that Mrs. Redman said, "Give me something or I'll tell what I know." Appellant replied, "I'll sell you something," and she replied with an oath, "You will give me something." Appellant then

said, ''I can't have this in here,'' walked behind the counter, turned her around and gave her a push through the screen door, and they all went out. He denies positively that he struck Redman or that he put his hands on him. He also denies that he kicked Mrs. Redman or struck her. His version of the incident was borne out by several witnesses, two of whom worked for him and were on duty at the time. While on the main question their testimony is of a negative character, they say that appellant at no time had a pistol, and if he ever struck Redman they did not see it.

The testimony is very conflicting and the foregoing review of the evidence is given only because counsel for appellant insists that his motion for a peremptory instruction should have been sustained, and further that the verdict is flagrantly against the evidence. We cannot agree with counsel because of the fact of the positive testimony of Mrs. Redman and the not quite so positive testimony of the prosecuting witness. The court correctly overruled the motion for a peremptory instruction and properly submitted the case to the jury. Where there is sufficient proof to indicate guilt, the court must pass the case to the jury. Shepherd v. Com., 236 Ky. 290, 33 S. W. (2d) 4; Fox v. Com., 248 Ky. 811, 43 S. W. 52.

It is urged in appellant's brief that the court erred in the admission of incompetent testimony and in rejecting competent testimony. Without reciting the particular evidence referred to in each instance, we have no hesitancy in concluding that there was no error in either respect. The admitted testimony pointed out as being objectionable, and as well the rejected testimony, was in each case of trivial nature, and had no bearing on the question of guilt or innocence.

It is next urged that the court failed to give the whole law of the case. The court did not err in failing to give an instruction on self-defense. The proof justified no such instruction. Appellant, testifying for himself on this phase of the case, when asked, ''Were you in danger at any time out there that night,'' answered, ''Well, I don't know as I was in any danger, only the vulgar language they was using.'' Again: ''Anything you did was not done to help yourself from bodily harm or injury of any kind, and not to protect yourself from

bodily harm?" Answer, "No sir." We have held in numerous cases that in the absence of any claim of, or proof tending to show grounds for necessary or apparently necessary self-defense, a failure to give an instruction on self-defense is not reversible error. Farley v. Com., 263 Ky. 769, 93 S. W. (2d) 858; Carter v. Com., 258 Ky. 807, 81 S. W. (2d) 883.

What is said above is a complete answer to the objection that the court should have instructed on appellant's right to defend his home, castle, or place of business. Turner had the right to use such means as reasonably appeared necessary to eject appellant and his companions upon their refusal to leave his place, but had no right to wound any one of them, except when acting in his self-defense. Gargotto v. Isenberg, 244 Ky. 493, 51 S. W. (2d) 443.

However, on the complaint that the court failed to give the whole law of the case, it does appear that error was committed which requires us to reverse the case. The court gave three instructions. No. 1 told the jury that if they believed from the evidence beyond a reasonable doubt that appellant struck Redman with a pistol, a deadly weapon, they should find him guilty, and fix his punishment at confinement for not less than one nor more than five years. Instruction No. 2 told the jury that if appellant committed assault upon Redman they should inflict a jail punishment, a fine or both fine and imprisonment. Instruction No. 3 was to the effect that if upon the whole case the jury entertained a reasonable doubt of the proof of guilt they should acquit. Evidently, by inadvertence, the court failed to observe the provision of section 239 of the Criminal Code of Practice, which provides:

"If there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall only be convicted of the lower degree."

Appellant was entitled to the instruction as vouchsafed to him by the Code provisions, supra. Biggs v. Com., 164 Ky. 223, 175 S. W. 379, Ann. Cas. 1916A, 1096; McCandless v. Com., 170 Ky. 301, 185 S. W. 1100; Hatfield v. Com., 230 Ky. 630, 20 S. W. (2d) 461; Carter v. Com., supra.

We have also held that the giving of the general

"reasonable doubt" instruction (Cr. Code Prac. sec. 238) does not relieve the court of the duty to give the "lesser degree" instruction. Hayes v. Com., 210 Ky. 449, 276 S. W. 160.

The court's failure to give the instruction mentioned constituted reversible error, and the judgment is reversed with directions to grant appellant a new trial consistent with this opinion.