# Ball v. Commonwealth.

April 28, 1939.

JOHN B. WALL and JOHN G. O'HARA for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM HAYES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The Harlan county grand jury returned an indictment against appellant and defendant below, Andy Ball, accusing him of the offense denounced in Section 1199 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, i. e., that of receiving stolen property, knowing it to have been stolen, and that it was $20.00 or more in value, thus charging a felony under the statute. The indictment stated that the stolen property so received consisted of "copper wire," and that it had been stolen (charged in proper language) from the Cornet-Lewis Coal Company. At his trial, under a plea of not guilty, he was convicted and punished by confinement in the penitentiary for four years.

Defendant's motion for a new trial was overruled and from that order and the judgment pronounced on the verdict he prosecutes this appeal—lightly complaining of some errors *not* mentioned in the motion for a new trial, and more vigorously complaining of an error that *was* incorporated in the motion, and which was and is, that the court misinstructed the jury, and failed to instruct it on the whole law of the case. The part of that

ground complaining of improper instructions that *were* given by the court is not properly presented for our consideration on this appeal, since there were no exceptions to the given instructions at the time, nor in any manner at any later period. However, since the court failed to instruct the jury on the whole law of the case, on such a material matter as requires a reversal of the judgment, we will discuss all the errors found by us in the record so as to furnish a guide for another trial, although some of the questions are *not* properly presented on this appeal.

The error in failing to instruct the jury on the whole law of the case consists in the failure to instruct as set forth in Section 239 of our Criminal Code of Practice, saying: "If there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall only be convicted of the lower degree." We held in the cases of Breeden v. Commonwealth, 151 Ky. 217, 151 S. W. 407, Huston v. Commonwealth, 274 Ky. 794, 120 S. W. (2d) 408, and Hayes v. Commonwealth, 210 Ky. 449, 276 S. W. 160, that the giving of the general reasonable doubt instruction did not dispense with the requirement of Section 239 referred to, where there was evidence in the case authorizing it. In the notes to the section there are many cases cited—and none to the contrary—holding that where the evidence furnishes a reasonable doubt as to the degree of the offense on trial for which the accused is being prosecuted it is reversible error not to give the instruction required by the cited section of the Criminal Code. Among the latest of those cases, are McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100; Huston v. Commonwealth, supra; Hatfield v. Commonwealth, 230 Ky. 630, 20 S. W. (2d) 461; Lester v. Commonwealth, 252 Ky. 358, 67 S. W. (2d) 485; Turner v. Commonwealth, 267 Ky. 74, 101 S. W. (2d) 214. The statute under which appellant is prosecuted itself expressly creates degrees of the offense with which defendant was accused—i. e., if the property so illegally received is of the value of $20 or more the convicted defendant may be punished as a felon; whereas if the property he so received is of less value than $20 then he is punished only as a misdemeanant.

The commonwealth introduced three witnesses of more or less youthful age (their ages not being given), who testified that beginning some few months before

the discovery of defendant's alleged guilt and his apprehension, they had from time to time delivered to him property that they had obtained from the premises of the owner stated in the indictment and for which he paid them 3 cents per pound, the deliveries being made at a country store alleged to have been operated by defendant's daughter and at which he resided with her in the rear part of that building. The deliveries were made in coffee sacks furnished to the youthful witnesses by defendant, and according to their evidence, it was for the specific purpose of gathering and delivering to him the stolen property; that they made some eight or ten separate deliveries to him under that arrangement, each one ranging in weight from 50 pounds to 100 pounds, which was the maximum amount fixed by any witness of any single delivery. Defendant introduced no testimony upon the issue of value, except the price he paid the alleged thieves for the property when it was delivered to him by them; but the commonwealth introduced a witness connected with the mining operations of the owner of the property and he stated that the character of property delivered to defendant was worth on the market 7 cents per pound. Accepting his testimony (which is the only properly introduced proof given on the trial) the value of the maximum amount of property that was delivered to or received by defendant at any one time was only $7.00, and the value of the minimum amount delivered at any one time was only $3.50. So that at no single transaction did defendant receive property of the value exceeding $7.00. Notwithstanding the proof was and is in that condition, the court instructed the jury generally, and in substance, that if all of the property that the alleged thieves delivered to defendant from time to time covering the entire period of such transactions was of the aggregate value of as much as $20 or more, then defendant should be convicted and given the felony punishment, which was undoubtedly erroneous.

The text in 53 C. J. 544, section 116, says in part: "Where the receiving of numerous articles charged to be received was in separate and distinct transactions and not in pursuance of a conspiracy between the thief and the receiver, the value can not be combined to increase the punishment." The cases of Caldwell v. State, 193 Ind. 237, 137 N. E. 179, Peters v. State, 191 Ind. 130, 132 N. E. 256, Levi v. State, 14 Neb. 1, 14 N. W. 543, and

Smith v. State, 59 Ohio St. 350, 52 N. E. 826, are cited in notes in support of that text. Aside from those foreign holdings it is obviously true that each receipt of stolen property, made on distinct and separate occasions, is a completed offense and a distinct violation of the statute as much so as is a completed larceny similarly committed, or the completion of any other criminal offense. Therefore, defendant could not be tried or punished under a single charge for all of the distinct violations of which he was proven guilty throughout the period of the transactions between him and the prosecuting witnesses who were the alleged thieves. In such circumstances it was the duty of the court to require the commonwealth —by analogy with prosecutions of sexual, and some other offenses—(see Williams v. Commonwealth, 277 Ky. 227, 126 S. W. (2d) 131), to elect the particular transaction on which it did rely, or to direct and confine by the testimony and the instructions the prosecutions to a particular transaction. It was not asked for or ordered or followed in this case, but, nevertheless, it was the duty of the court to so frame its instructions, and otherwise conduct the practice at the trial. That being true, and none of the single transactions involving property of the value of more than $7.00—according to the testimony—defendant could not be convicted or punished under the felony charge in the indictment, and no instruction except a misdemeanor one should have been given.

Furthermore, the instruction that the court did give (No. 1) told the jury that it might convict defendant, with an attached felony punishment, if it believed beyond a reasonable doubt "that said property *or any part thereof* had before said time been feloniously taken," etc. The italicized words of the excerpt from the instruction authorized the jury—even if the value of the received property at any one time was as much as or more than $20—to convict defendant, if any part of it had been stolen by the alleged thief, or thieves. Under that instruction appellant could receive the felony punishment, if guilty, although 99% in value of the property belonged to the alleged thief or thieves, and was not stolen from anyone; provided and if the other one-hundredth portion (of infinitesimal value) had been so stolen. Manifestly, no such proposition is approved by the law, and the court erred in employing those words in its instruction.

Other unlawful receipts of property in the manner described in the statute are admissible on the trial of such a charge, in order to show knowledge and intent, as well as a general course of dealing on the part of the defendant; but such proof can not be received for the purpose of increasing the value of the property received, to the combined valuation of the amount of each separate and distinct receipt. See Washington v. Commonwealth, 10 Ky. Op. 170. When such evidence is admitted for the purpose of proving intent, etc., as above pointed out, it becomes the duty of the court to admonish the jury the purpose for which all other proven receipts were admitted.

Wherefore, the judgment is reversed, with directions to set it aside and sustain the motion for a new trial, and for other proceedings consistent herewith.