## PEMBERTON v. COMMONWEALTH.

Court of Appeals of Kentucky.

Dec. 12, 1952.

P. H. Vincent, Thomas Burchett and J. W. McKenzie, Ashland, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

Robert Pemberton was sentenced to five years in prison on a charge of maliciously shooting and wounding Joseph Hughes with intent to kill. In their original brief counsel for Pemberton asked that the judgment be reversed because (1) the trial court erred in admitting incompetent evidence; (2) a directed verdict should have been given in Pemberton's favor; (3) the court did not instruct the jury on the whole law of the case; and (4) a new trial should have been granted upon the ground of newly discovered evidence. In a supplemental brief Pemberton's counsel urge that the judgment should be reversed because "the court erred in failing to instruct the jury that, if it had a reasonable doubt as to the degree of the offense which the appellant committed, it was the duty of the jury to

find him guilty of the lesser degree, under Section 239 of the Criminal Code of Practice."

■ In the case of Ball v. Commonwealth, 278 Ky. 52, 128 S.W.2d 176, it was pointed out that the giving of the reasonable doubt instruction does not dispense with the requirements of Section 239 of the Criminal Code, where there is evidence furnishing a reasonable doubt as to the degree of the offense committed. We think the instruction should have been given in this case because of the conflicting proof concerning the affray at the time Hughes was shot.

Pemberton's story was that he got his pistol and went to the door of his restaurant in response to the call of his waitress, who was being pursued across the yard by Hughes and his drunken companions. He said that, as he opened the door to let the waitress in, Hughes pushed her to one side and grabbed him (Pemberton) and said, "I am going to kill you, God damn you." He then shot Hughes in the left arm. Pemberton said also that he feared Hughes and his companion were going to "kill me and rob me."

■■ Clearly, the case was one for the jury. Furthermore, we find no basis for the contention that the self-defense instruction should have included Pemberton's' right to defend the waitress. She may have been the cause of his going to the door with his gun, but from there on the affray was between himself and Hughes and his followers.

Since there may be another trial of the cause it is unnecessary for us to discuss the question of alleged newly discovered evidence.

■ The basis of the complaint as to incompetent evidence was that counsel for the Commonwealth, including the special prosecutor, appeared to be determined to get before the jury the accusation that Pemberton was a bootlegger. Pemberton was being tried on a charge of maliciously shooting and wounding Joseph Hughes. If those persons who were prosecuting Pemberton feel that he should be tried on a charge of bootlegging, they should avail themselves of the proper avenues for the presentation of such a charge.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.