Joseph L. MARTIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 4, 1955.

E. H. Walton, Covington, Peter J. McCarthy, Jr., Cincinnati, Ohio, for appellant.

J. D. Buckman, Jr., Atty. Gen., William F. Simpson, Asst. Atty. Gen., James E. Quill, Commonwealth's Attorney, Covington, for appellee.

CAMMACK, Justice.

Joseph L. Martin was convicted of the crime of knowingly receiving stolen property. His punishment was fixed at four years in prison. On this appeal Martin insists the court erred (1) in overruling his motion to quash, and also his demurrer to, the indictment; (2) in admitting incompetent evidence; and (3) in overruling his motion for a directed verdict.

The indictment charged Martin with the crime of knowingly receiving stolen property in the following language:

"* * * The said Joseph L. Martin and Eva G. Martin on or about the 6th day of March, 1954, in the County of Kenton and Commonwealth of Kentucky, and within one year before the finding of this indictment, did receive stolen property,—namely:

"1 Victor Adding Machine of a value in excess of twenty ($20.00) Dollars the stealing of which is punishable as a crime, know-

ing it to be stolen, from Peter Kappes; contrary to the statute so made and provided in KRS 433.290, and against the peace and dignity of the Commonwealth of Kentucky."

Martin argues that the indictment should have alleged the unlawful, willful and felonious receipt of the goods or that the receiving was done for the purpose of permanently depriving the owner of their use.

■ Section 126, subd. 3, of the Criminal Code of Practice provides that an indictment need not allege that the offense was committed or the act done "feloniously" or "unlawfully" nor need it use any phrase of like kind otherwise to characterize the offense. Although a portion of an indictment may be defective in form, if the language thereof, when considered as a whole, fairly apprises the accused of the offense with which he is charged and is complete in describing the acts constituting the offense, a demurrer should be overruled. Rose v. Commonwealth, 294 Ky. 279, 171 S.W.2d 435. The gravamen of the offense under consideration is knowledge that the goods were stolen. Decker v. Commonwealth, 303 Ky. 511, 198 S.W.2d 212; Newton v. Commonwealth, 158 Ky. 4, 164 S.W. 108. The indictment in question stated that Martin received the machine "knowing it to be stolen." We think this was sufficient to apprise him of the offense with which he was charged.

We turn to the contention that Martin was entitled to a directed verdict. A motion for a directed verdict was made at the conclusion of the Commonwealth's evidence, and upon the motion being overruled Martin rested his case and again moved for a directed verdict. That motion was overruled also. The evidence shows that certain items, including two adding machines, were stolen from an office supply store in Covington, operated by Peter Kappes. The serial number on the machine found in Martin's possession was identical with the serial number on one Kappes said was taken from the store. He placed the value of the machine at $120.

Walter Turner, a 17 year old boy who had pleaded guilty under an indictment charging him with stealing the adding machine, testified at Martin's trial that he stole the machine from the store operated by Kappes and sold it to Martin for $12. He said he sold Martin no merchandise other than the adding machine, and that he got in touch with him through another boy. Walter stated on cross-examination that he told Martin he had bought the adding machine from a friend and that Martin did not know it was stolen.

Walter Jackson, a colored boy 14 years of age, was asked if he had ever sold Martin any stolen merchandise. He admitted that he had sold him cigarettes, a watch, candy, a radio and other articles on different occasions. Martin moved that this evidence be excluded and that the court admonish the jury not to consider it. The jury was admonished by the court that the evidence was admitted only for the purpose of showing guilty knowledge and intent on the part of Martin. Walter was unable to say whether Martin knew the articles were stolen. Martin operated a cafe in Covington and the adding machine was taken from the cafe by a police officer who testified that he had information that there was stolen property in the cafe. Martin was arrested and charged with "contributing to juvenile delinquency," and also with knowingly receiving stolen property.

■■ We think this evidence was sufficient to take the case to the jury. The mere possession of the stolen property is prima facie evidence of guilt. KRS 433.290. The jury was warranted in concluding beyond a reasonable doubt from the circumstances under which Martin acquired possession of the adding machine (including the fact that it was purchased from a young boy for one-tenth of its value), that he knew it was stolen at the time. See Little v. Commonwealth, Ky., 261 S.W.2d 620, and Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

■ Finally Martin argues that the testimony of Walter Jackson, relating to other

purchases of stolen goods by Martin, should have been excluded. Other unlawful receipts of property in the same manner described in the charge are admissible on the trial of such a charge, in order to show knowledge and intent, as well as a course of dealing on the part of the accused. Ball v. Commonwealth, 278 Ky. 52, 128 S.W.2d 176. See also Lee v. Commonwealth, Ky., 242 S.W.2d 984.

We find no error prejudicial to Martin's substantial rights.

Judgment affirmed.