**M. N. ALEXANDER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 21, 1963.

---

Tom Garrett, David R. Reed, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellee.

BIRD, Judge.

M. N. Alexander was convicted on a charge of knowingly receiving stolen property. He appeals.

 On trial he introduced witnesses to testify concerning his character. Over his objection the trial court permitted these witnesses to be cross-examined on matters pertaining to certain acts of Alexander which were highly indicative of other violations similar to that upon which he was being tried. Although he had objected to this type of interrogation the trial court failed to admonish the jury as to the purpose of its reception. This failure constituted prejudicial error.

In Fugate v. Commonwealth, 211 Ky. 700, 277 S.W. 1029, this Court said:

"The evidence of a character witness consists of his own opinion or conclusion as derived from common report touching the reputation of the person under investigation in the neighborhood

of his residence. In order for the jury to determine the proper weight to be given such evidence, the witness' information, accuracy, and candor may be tested on cross-examination by asking him as to having heard conflicting expressions of opinion by other persons on the same subject, as well as to reports and rumors in the community imputing particular acts or offenses to such person. 22 C.J. 483; McCreary v. Com., 158 Ky. 612, 165 S.W. 981; Johnston v. Com., 170 Ky. 766, 186 S.W. 655; Copley v. Com., 184 Ky. 185, 211 S.W. 558; Steele v. Com., 192 Ky. 223, 232 S.W. 646. But it is a dangerous character of evidence, and should not be extended beyond its true limits, and should be limited by an admonition of the court defining its purpose, upon motion of the party affected *or upon his objection to its admission.* Johnston v. Com., 170 Ky. 766, 186 S.W. 655; Copley v. Com., supra; Steele v. Com., supra.

"If all the witnesses answer the questions in the negative, the court should exclude them, and admonish the jury that they cannot be considered for any purpose. If the witness answers in the affirmative the court should substantially tell the jury that the matters referred to in those questions are not in issue, and that the answers of the witness are not to be regarded as evidence of the truth of such matters, or as evidence of any substantive fact, but that they may be regarded by the jury in considering the credibility and accuracy of the witness and for no other purpose. Although the defendant objected to this evidence, the court did not admonish the jury as to its effect, an obvious error. * * *" Emphasis added.

■ Further during the course of the trial testimony was received over defendant's objection tending to prove other violations of similar nature. The trial court likewise failed to admonish the jury.

In Martin v. Commonwealth, Ky., 276 S.W.2d 19, this Court further said:

"We think this evidence was sufficient to take the case to the jury. The mere possession of the stolen property is prima facie evidence of guilt. KRS 433.290. The jury was warranted in concluding beyond a reasonable doubt from the circumstances under which Martin acquired possession of the adding machine (including the fact that it was purchased from a young boy for one-tenth of its value), that he knew it was stolen at the time. See Little v. Commonwealth, Ky., 261 S.W.2d 620, and Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

"Finally Martin argues that the testimony of Walter Jackson, relating to other purchases of stolen goods by Martin, should have been excluded. *Other unlawful receipts of property in the same manner described in the charge are admissible on the trial of such a charge, in order to show knowledge and intent, as well as a course of dealing on the part of the accused.* Ball v. Commonwealth, 278 Ky. 52, 128 S.W.2d 176. See also Lee v. Commonwealth, Ky., 242 S.W.2d 984." Emphasis added.

In Ball v. Commonwealth, 278 Ky. 52, 128 S.W.2d 176, mentioned in the Martin case, this Court again said:

"Other unlawful receipts of property in the manner described in the statute are admissible on the trial of such a charge, in order to show knowledge and intent, as well as a general course of dealing on the part of the defendant; but such proof can not be received for the purpose of increasing the value of the property received, to the combined valuation of the amount of each separate and distinct receipt. See Washington v. Commonwealth, 10 Ky. Op. 170. *When such evidence is admitted for the purpose of proving intent, etc., as above pointed out, it becomes the*

*duty of the court to admonish the jury the purpose for which all other proven receipts were admitted."* Emphasis added.

Though objections were duly made the admonitions were not given upon reception of the testimony. From the foregoing authorities we must conclude that the trial court erred to Alexander's prejudice.

The judgment is therefore reversed for a new trial not inconsistent with this opinion.