**Louis WHITAKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 23, 1967.

Rehearing Denied Oct. 20, 1967.

Stuart Lyon, David Kaplan, Louisville, for appellant.

Robert Matthews, Atty. Gen., Lacey T. Smith, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Louis Whitaker appeals from a judgment sentencing him to two years' imprisonment upon a verdict finding him guilty of breaking and entering a dwelling house. KRS 433.180. He contends the trial court erred in conducting the voir dire examination of the jury, in refusing to suppress certain evidence, in overruling a motion for a directed verdict of acquittal and in instructing the jury.

The prosecuting witness, Claude Geary, testified that when he left his apartment on June 26, 1965, the only entrance door was closed but unlocked and that upon his return he discovered his television set and electric fan had been stolen.

Appellant, Whitaker, testified that he and Virgil Brumfield were introduced to Claude Geary by William Hays in a tavern on the night in question and that Geary offered to sell them his television set and electric fan. He stated further that Geary took Brumfield, Hays and him to Geary's apartment where he purchased the television set and fan. Hays, who is Geary's cousin, substantiated Whitaker's account.

As Whitaker and Brumfield left Geary's apartment building they were stopped on the sidewalk by two police officers who questioned them with regard to the television set and fan they were carrying. These officers copied the television's serial number, released the men and made a police report of the incident. The next day police officers, who had received information of the alleged

break in, went to Brumfield's home where they recovered the television set and fan. Whitaker and Brumfield voluntarily came to police headquarters three days later contending they had purchased the seized articles.

 Whitaker now contends the trial court committed prejudicial error in permitting the Commonwealth to announce, within the hearing of the jury, its acceptance of the jury. Appellant claims this procedure cast him in a bad light because it became necessary for appellant to later openly challenge and excuse certain prospective jurors. Regardless of the alleged psychological effect of this trial tactic, the voir dire traditionally and as a matter of practicality is conducted in open court. We are not disposed to change this accepted practice.

Whitaker contends that the trial court erred in failing to suppress evidence obtained when the officer stopped him on the public sidewalk on the night of the alleged break in. He claims the stopping of him constituted an unlawful arrest and the copying of the serial number of the television set during this detention was an unreasonable search. There are several answers to this contention. The most obvious one is that no evidence obtained from Whitaker on this occasion was used at the trial to convict him. Upon trial Whitaker admitted that he had possession of the property allegedly stolen from Geary. Whitaker's defense was that he entered Geary's apartment at Geary's invitation and purchased the property. The crucial issue in the case was whether Whitaker's possession of this property was by purchase or by break in. We find that the trial court committed no error in this respect.

Whitaker contends further that the trial court should not have defined "reasonable doubt" in its instructions to the jury. The definition given has been approved by this court. Merritt v. Commonwealth, Ky.,

386 S.W.2d 727. This instruction therefore was not erroneous.

Finally, Whitaker contends the trial court erred in not sustaining his motion for a directed verdict of acquittal because there was no evidence of a forcible entry. The jury could find under the evidence that Whitaker opened the door of the apartment without permission of Geary and feloniously took the television set and fan. This constituted sufficient evidence of a forcible entry. Rains v. Commonwealth, 293 Ky. 429, 169 S.W.2d 41. We conclude there was no error in submitting the case to the jury.

The judgment is affirmed.

All concur.