**Arthur P. EVANS, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Frank E. Haddad, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant was found guilty on six counts of an indictment charging misapplication of public funds, in violation of KRS 434.020(4). The jury assessed the penalty at confinement in the penitentiary for eight years on each of the counts. The court ordered that the terms of imprisonment run concurrently.

The appellant asserts four charges of error: (1) A mistrial should have been granted because of misconduct of a juror; (2) the court erroneously failed to include in the instructions the issue of reasonable doubt as to the degree of the offense charged; (3) the instructions erroneously defined "reasonable doubt"; and (4) a directed verdict of acquittal should have been given since the proof showed no misapplication or misappropriation of any "public funds."

While Evans was serving as Director of the Louisville and Jefferson County Youth Commission, a special fund was created in the name of that commission by certain de-

posits in Liberty National Bank, Louisville. Apparently, the first deposit was a check for $1800 drawn by then Mayor Kenneth A. Schmied, Louisville, upon the mayor's contingency fund. At least one other check from that fund was deposited to the account, as was a check payable to City of Louisville from League of Cities Conference of Mayors. About $4000 in all was deposited in the special account. Only the appellant and Peter Ebbs, Program Director for the commission, had authority to draw checks on the account. So far as appears of record, no one else at the commission knew of the existence of the account until it was exhausted and until after appellant had left the commission when a change in city administrations occurred.

Appellant drew checks on the account for a television set (which was first delivered to the commission office, but later removed to appellant's home where it was at the time of trial); for five tires fitted on his personal car (which he often used on business of the commission); for a reverberator placed in his personally owned car; for a set of tires for Ebbs' car (also used quite a bit on commission business); for tuition at University of Louisville for appellant; and for other purchases, which appellant undertook to explain as within the scope of his implied or express authority.

Since reversal is necessary upon a ground later mentioned, it becomes unnecessary to consider the asserted error respecting the misconduct of a juror.

As noted, the prosecution was predicated upon six alleged violations of KRS 434.-020(4) which provides:

"Any officer of a city of the first class, or assistant or deputy of the officer, who embezzles or knowingly misapplies or withholds any money or property of any kind belonging to the city or coming into his hands officially shall be confined in the penitentiary for not less than two nor more than ten years."

After instructing the jury as to the six counts charging violations of the felony statute just quoted, the court instructed under KRS 433.240, a misdemeanor statute which provides:

"Any person who, unlawfully but without felonious intent, takes, carries away, defaces or damages any property or thing of value not his own shall be fined not less than ten dollars nor more than two thousand dollars."

The appellant, by timely objection, complained that the trial court failed to instruct the jury within the purview of RCr 9.56, which provides:

"The jury shall be instructed that if there is a reasonable doubt of the defendant's being proved to be guilty, he is entitled to an acquittal and that if there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall be convicted only of the lower degree."

RCr 9.56 is a combination of Sections 238 and 239 of the Code of Criminal Practice. On many occasions this court held it to be reversible error to fail to instruct the jury that if it had a reasonable doubt of the degree of the offense committed it should convict only upon the lower degree. See Pemberton v. Commonwealth, Ky., 253 S.W.2d 381; Ball v. Commonwealth, 278 Ky. 52, 128 S.W.2d 176; Huston v. Commonwealth, 274 Ky. 794, 120 S.W.2d 408. The Commonwealth seems to concede that the offense denounced by KRS 433.240 is a lower degree of the offense proscribed by KRS 434.020(4). This court will, for the purposes of this case, accept that viewpoint without expressly so holding. Upon the authority of RCr 9.56 and the cases cited, the failure to instruct the jury concerning its duty to convict of the lesser degree if it had reasonable doubt in that respect was reversible error.

Appellant asserts that the court erred in defining "reasonable doubt." The court's instruction was:

"The defendant is presumed to be innocent of the charges herein until his

guilt has been established by the proof beyond a reasonable doubt and if, upon the whole case, you have a reasonable doubt of the defendant having been proven guilty, you will find him not guilty.

"You are further instructed that a reasonable doubt is a sincere doubt, a real doubt, in that you must ask yourself not whether a better case might have been proven, but whether, after hearing all of the evidence, you actually doubt that the defendant is guilty."

 The appellant recognizes that Whitaker v. Commonwealth, Ky., 418 S.W. 2d 750, and Merritt v. Commonwealth, Ky., 386 S.W.2d 727, are recent decisions of this court recognizing the definition of "reasonable doubt" employed by the trial court. He maintains that the instruction as given precludes the jury from considering "whether a better case might have been proven," and fails to inform the jury that a reasonable doubt may arise from a lack of or conflicts in the evidence. The appellant argues:

"To require the jury to find a reasonable doubt of Appellant's guilt before it could acquit him was to vitiate the presumption of innocence and to create a presumption of guilt. Under the instruction, Appellant was presumed guilty unless the jury had a reasonable doubt of his guilt. * * * Instead of thinking 'I must *acquit* the defendant unless I believe beyond a moral certainty that he is guilty,' jurors under this instruction think to themselves, 'I must *convict* the defendant unless I have a reasonable doubt as to his guilt.'"

The court is not persuaded that the instruction is susceptible to the misinterpretation suggested. Lurding v. United States (CA6), 179 F.2d 419, relied upon by appellant, presented a situation in which the trial court had instructed the jury that "the law in addition to that presumes all persons innocent of the offense with which they are charged *until such time* as the proof produced by the government establishes their guilt to the exclusion of a reasonable doubt." The court pointed out that the instruction could be interpreted to mean that the burden shifted to the defendant at the close of the prosecution's evidence, and so was erroneous. The instruction given at the present trial was not susceptible to that inference or connotation.

 Vigorous contention is made that acquittal should have been directed since the funds involved were not public funds of the City of Louisville. This court is of the view that the funds were funds "belonging to" the City of Louisville, which came into the hands of appellant officially. Even though then Mayor Schmied did not undertake to impose detailed guidelines as to the expenditure of the funds, he did not and could not have lawfully authorized disbursal of them for private purposes.

The judgment is reversed with directions to grant appellant a new trial.

All concur.