**Joseph Dewayne SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 1, 1973.

William C. Jacobs, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

Joseph Dewayne Smith was convicted of knowingly receiving stolen property in violation of KRS 433.290 and sentenced to serve one year in the penitentiary. We reverse the judgment of conviction.

A white MGB Coupe, sports car, was stolen in Fayette County and later recovered with the hood, front headlights, radiator and grill missing. The Lexington patrolman who had found the stolen car later discovered a black MGB in the Blue Horse Body Shop with similar parts missing. Investigation disclosed that appellant had wrecked his girlfriend's black MGB, had it towed to the Blue Horse and asked that it be stored there until he could pay for its repair. Later, at appellant's request, a friend of appellant's brother brought a grill, radiator and two headlights to the Blue Horse for the repair of the wrecked black MGB, deposited them in the backroom of the Blue Horse, but later put them into the MGB which appellant had wrecked. An insignia which had broken off the grill of the stolen car perfectly fit the grill lying on the back seat of the wrecked car. The man who had brought the stolen parts to the Blue Horse identified them as the parts the appellant had given him to take to the Blue Horse.

It is obvious that there was sufficient prosecution evidence of scienter on the part of appellant to create a jury question which, in turn, negates the contention that appellant was entitled to a directed verdict. A claim adjuster for the insurance company having coverage on the stolen car testified to the value of the stolen parts without objection, and thus indicated that their value was sufficient to authorize a felony conviction.

The trial court gave an instruction covering the knowing receipt of stolen articles of $100 or more in value with its penalty of one to five years in the penitentiary, and also an instruction covering the knowing receipt of stolen articles of less than $100 in value with its penalty of one month to a year in the county jail, and the jury found appellant guilty of the knowing receipt of stolen articles of $100 or more in value and fixed his punishment at one year in the penitentiary.

■ The appellant made no objection to the instructions at the time of trial, but asserted in his motion for a new trial that the court's failure to instruct in conformity to RCr 9.56 " * * * that if there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall be convicted only of the lower degree," (citing Ball v. Commonwealth, 278 Ky. 52, 128 S.W.2d 176) is reversible error. RCr 9.54 does not require a party in a criminal case to object to instructions at the trial, but "unless so made they must be presented in a motion for new trial." (See Cox v. Commonwealth, Ky., 491 S.W.2d 834, decided March 16, 1973; Evans v. Commonwealth, Ky., 474 S.W.2d 370 (1971)).

Suffice it to say that the value of the stolen parts was in dispute, the claim adjuster estimating the value of them as a percentage of the value of new parts, and another witness merely opining that the stolen parts were less than $100 in value.

We conclude that a reasonable doubt as to the value of the stolen parts was presented which, consequently, required the giving of an instruction conforming to the aforequoted provision of RCr 9.56.

The judgment is reversed.

PALMORE, C. J., and MILLIKEN, OSBORNE, STEINFELD and STEPHENSON, JJ., concurring.

REED, J., dissenting.

REED, Justice (dissenting).

I respectfully dissent in this case because the evidence of guilt of the gravamen of the offense is clear and the alleged error, belatedly raised, could well be regarded as harmless.

KRS 433.290 declares it a criminal offense to receive any stolen property, the stealing of which is punishable as a crime, knowing it to be stolen. The trial court's instructions were clear and direct on this vital part of the charge. The prescribed punishment for violation of this statute is arrived at by a formula whereby the same punishment is provided as is prescribed for the persons stealing the concerned property. The instructions clearly submitted to the jury the proper formula to determine punishment once a finding of guilt of the offense had been made. No objection was made to the evidence of value introduced by the prosecution; no objection to the form of the instructions was communicated to the trial judge at the time the instructions were given. The only complaint is that the court failed to instruct that if the jury entertained a reasonable doubt concerning "the degree of the offense" (the value of the property) it should fix the defendant's punishment within the limits prescribed for the receipt of stolen property with value of less than $100, "the lower degree" of the crime charged.

Although I seriously question the fairness of the rule that permits the defendant's counsel in a criminal case to stand silent while the judge commits merely technical error in the instructions, and then, if he loses his case with the jury, raise technical objections to the form of the instructions in a subsequent motion for new trial, I must accept its present force in our criminal law. Since it is an unrealistic rule based on artificiality, I would not extend it further than required.

I do not feel that the situation in the present case, where the jury must first determine guilt of the sole offense charged, to be analogous to the situation where the

jury may entertain reasonable doubt concerning ingredient elements affecting the gravamen or substantive nature of the crime itself. The jury in this case was plainly told what it had to believe beyond a reasonable doubt before it could find the defendant guilty. It was then plainly told how to fix his punishment in the event of a finding of guilt based upon the evidence presented.

I freely concede that the majority opinion is supported by past precedents. These cases, in my opinion, are unsound because they ignore the distinction between the elements of an offense and a formula for determining punishment. When the total circumstances of this case are considered, I do not believe that any prejudice was suffered by the defendant and I would not disturb the verdict of the jury or the judgment based on that verdict.