**Donald Barnes BRADLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 2, 1971.

Matthew B. Quinn, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Donald Barnes Bradley was convicted by a jury of armed robbery under KRS 433.120. His punishment was fixed at ten years in the penitentiary. He appeals. We affirm.

Appellant Bradley was accused of robbing Kenneth Kupper and Charles Blanford at the Fihe-Kupper Drug Store located in Shively, Jefferson County, Kentucky, using or displaying a pistol, a deadly weapon. Kupper owned the store and Blanford was employed as a pharmacist. The victims notified the police and described the robber as a white male, between twenty-five and thirty-five years of age, five feet six inches to five feet eight inches in height, and wearing sunglasses and a cap. Bradley was identified as the robber at the examining trial and during the trial in circuit court.

Bradley claims that the trial court erred (1) in failing to direct a verdict of acquittal, and (2) in overruling without a hearing appellant's motion to suppress certain evidence as to identity.

The testimony of the witnesses, Kupper and Blanford, was sufficient for the jury to find that Bradley was indeed the person who committed the crime. It is only where the testimony on behalf of the Commonwealth fails to incriminate the accused, or is wholly insufficient to show guilt, that a directed verdict of acquittal should be given. Moore v. Commonwealth, Ky., 446 S.W.2d 271. A review of the record convinces us that the Commonwealth produced ample proof of the guilt of the accused and the court did not err in refusing to direct a verdict of acquittal.

By written motion before trial, the trial court was asked to suppress all evidence resulting from a line-up conducted by the Shively Police Department. Bradley stated in the motion that he was not represented by counsel and did not waive the right to counsel. On the day of the trial this motion was overruled.

The police line-up predated the effective application of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. Hence, those cases do not apply. Bradley v. Commonwealth, Ky., 439 S.W.2d 61.

Appellant Bradley was afforded a fair trial and, in our opinion, his rights, including the right to due process of law, were properly protected.

The judgment of conviction is affirmed.

All concur.