James "Sonny" **EDWARDS, David Spencer,**
**Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

W. H. Bixler, Covington, for appellants.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

Appellants were found guilty by a jury of robbery and assault and battery. Their punishment under the robbery charge was fixed at seven years each. They were given twelve months each on the assault and battery charge. We affirm.

Five questions are presented by appellants. First they say the trial court erred in overruling their motion "to dismiss" made at the close of the case for the Commonwealth. Secondly, they claim error in the overruling of the motion for a directed verdict after all the evidence was presented. Their third argument is that the verdict is flagrantly "opposed" to the weight of the evidence. Next they contend that the court erred in the instructions. Fifth and last, they argue that the trial court should have sustained their motion and grounds for a new trial.

The first, second, third, and fifth arguments presented call into question the sufficiency of the evidence, and they will be treated as one. To conclude this opinion, we shall discuss the instructions.

The question of the sufficiency of the evidence requires a brief recitation of the facts. The prosecution witness, Clyde Davis, a man 65 years of age, was in his apartment in Campbell County, Kentucky, on March 14, 1970, when, as he tells it, appellant James "Sonny" Edwards and David Spencer knocked on his door. He admitted them. He knew Edwards but Spencer was a stranger. Immediately after being invited in, appellant Spencer grabbed his (Davis') arm and twisted it behind his back. He (Davis) called on Edwards for help. Edwards said "there is nothing I can do." Davis said he knew nothing that occurred between that time and the following morning when he was found on the floor of his apartment by his daughter and her companion, or shortly thereafter while he was being removed to the hospital. He was severely beaten and lost a large quantity of blood. Missing from his apartment were various items of personal property including a television set, two clocks and his billfold, which contained only about five dollars. When Spencer was arrested, a slip of paper was found containing telephone numbers and addresses identified by Davis as belonging to him.

Appellants denied *in toto* the story given by Davis and presented evidence of a complete alibi, which was given no credence by the jury.

Davis positively identified the appellants.

It requires little concentration or analysis to quickly determine that the verdict was amply supported by competent, proba-

tive, and convincing evidence. This court may not disturb the judgment based upon the verdict. CR 52.01; Bradley v. Commonwealth, Ky., 465 S.W.2d 266 (1971); Moore v. Commonwealth, 446 S.W.2d 271 (1969); and Mullins v. Commonwealth, 276 Ky. 555, 124 S.W.2d 788 (1939). This disposes of appellants' questions one, two, three, and five.

Question four relating to the instructions deserves little attention. Without burdening legal records, it is sufficient to state that the trial court gave a separate set of instructions as to both appellants and as to the two offenses. They were standard and complete.

The judgment is affirmed.

All concur.