**Donald G. THOMPSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

Kenny Grantz, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This is an appeal from the Jefferson Circuit Court, Criminal Branch, Second

Division, of the conviction of the appellant of voluntary manslaughter with a sentence of 21 years.

The appellant insists that the evidence produced against him, which was circumstantial, was inadequate to sustain his conviction. We agree. Other errors are raised which will not be discussed, as they will probably not occur upon a new trial.

The deceased met her death on June 12, 1969. The appellant and an employee, who lived in appellant's garage, testified that they went to a liquor store early that morning to buy some vodka, that they were gone a short while and when they returned the employee went to his room in the garage and the appellant went inside his home. The appellant found his wife on the floor, apparently dead. He called the police and they arrived moments later. Appellant told the police that he found his wife lying on the floor with the gun a few inches from her head; that he ran to the garage to tell his employee of his wife's death and during his excitement he picked up the gun and took it to the garage. The officers found it there lying on a dresser. The officers found no fingerprints on the weapon and the fingerprint expert stated that the weapon had large grips which would not hold fingerprints. A paraffin test was utilized in an attempt to discover traces of gunpowder on the decedent and the appellant's hands. Both tests were negative.

It was developed at the trial that the decedent had type AB blood. Drops of blood of that type were found on the bed and on gravel in the driveway. Appellant claimed those traces of blood to be his own. He introduced in evidence a medical report that showed he had a nosebleed on the day of the death. Appellant's blood type is A.

An attorney who had previously represented decedent testified, without objection, that she had stated to him on three different occasions that she was going to commit suicide. Appellant introduced other evidence in an attempt to show his wife had taken her life. He produced evidence to show that his wife had undergone surgery on different occasions, once recently, and was upset because of the surgery.

The Commonwealth countered the suicide theory of the appellant by showing the absence of an annular ring around the gunshot wound. A police officer and a coroner testified that in gunshot wounds where the end of the barrel is placed against the tissue there is usually a ring around the wound that is created by the expanding gasses of the exploding gunpowder creating a vacuum that draws the tissue into the barrel and produces the "annular ring." However, the witnesses conceded that there were a powder ring and powder burns around the wound in question and this evidence would show that the gun was fired in very close proximity to the entrance wound.

Another policeman testified that the gun allegedly used in the fatal incident was bought by the deceased and registered in her name.

The evidence against the appellant was entirely circumstantial. The strongest link in the chain was the fact that the pistol was removed from the house to the garage and that no fingerprints could be found on it. This evidence was explained away somewhat by the expert who stated that the grips on the pistol would not retain fingerprints.

██ Much is made of the fact by the appellee that the deceased's paraffin test showed that she had not fired a gun. However, the appellant's paraffin test was also negative. The absence of particles of gunpowder on the decedent's hands would go to prove the corpus delicti. Proof of corpus delicti requires the showing of a death and that the death resulted from the criminal agency of another. Dolan v. Commonwealth, Ky., 468 S.W.2d 277 (1971). Because of the absence of traces of nitrate on the deceased's hands it could be inferred that her death resulted from

the criminal agency of another, thereby establishing corpus delicti. However, this in no way establishes that the defendant is the party who committed the act. Therefore, this evidence alone is not sufficient to support the verdict.

In Hodges v. Commonwealth, Ky., 473 S.W.2d 811 (1971), this court examined the past cases involving circumstantial evidence and stated:

"Running throughout the decisions, and the slightly varying language in which the rule has been stated, the element of reasonableness is constant. If the totality of the evidence is such that the judge can conclude that reasonable minds might fairly find guilt beyond a reasonable doubt, then the evidence is sufficient, albeit circumstantial. If the evidence cannot meet that test, it is insufficient. Cf. United States v. May (CA6), 430 F.2d 715 (1970)."

■ It should be stated that strong suspicion of appellant's involvement in the crime arises from the circumstances shown. However, suspicion alone is not enough. Handshoe v. Commonwealth, 195 Ky. 762, 243 S.W. 1024.

■ There is nothing in the evidence linking the appellant to the crime other than the fact that he was married to the victim, discovered her body and removed the death weapon. His fingerprints were not on the gun and the paraffin test was negative as to him. If the evidence upon another trial is substantially the same as at the trial on appeal, the court will direct a verdict of acquittal.

The judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.

All concur.