**Virgil ESTEP, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Denver Adams, Hyden, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Virgil Estep was convicted in the Leslie Circuit Court of shooting at or into an automobile. KRS 435.170(4). His punishment was fixed by the jury at two years' confinement in the state penitentiary. He appeals. We affirm.

On the afternoon of May 28, 1971, Bobby Hoskins was driving his automobile toward his home. He was accompanied by his wife and their two small children. All four were riding in the front seat of the car. Mr. and Mrs. Hoskins testified that as they passed the home of Sherman Smallwood they saw appellant near the road behind an automobile. They stated that appellant was armed with a shotgun and shot at them as their car passed. The pellets from the shotgun blast hit the lower part of the car door on the driver's side. They both ducked down at the sound of the shot, they testified, and then heard a second shot. However, they were not able to see who fired the latter.

Appellant denied having anything to do with the shooting or that he was even present at the time and place testified to by the Hoskinses. Sherman Smallwood and his next-door neighbors, Mr. and Mrs. Joe Estep, stated that they had not seen appellant in the vicinity at the time the crime was alleged to have occurred and that they had not heard any shots. A baby-sitter in the Smallwood home testified in a similar vein. These witnesses admitted that they

may have been inside their houses at the approximate time the shooting took place.

Appellant contends that: (1) He was entitled to a directed verdict at the close of the Commonwealth's case; (2) the evidence was not sufficient to support the verdict; and (3) the trial court failed to instruct the jury on the whole law of the case.

We said in Bradley v. Commonwealth, Ky., 465 S.W.2d 266 (1971):

" * * * It is only where the testimony on behalf of the Commonwealth fails to incriminate the accused, or is wholly insufficient to show guilt, that a directed verdict of acquittal should be given. * * *"

■ In the present case, the testimony of the witnesses for the Commonwealth, that appellant had fired a shotgun at and hit the automobile occupied by the Hoskins family, was sufficient to present a jury question. The trial court properly overruled appellant's motion for a directed verdict of acquittal at the close of the Commonwealth's case.

■ Bobby Hoskins testified at the trial that he had not seen anyone other than appellant when the shot was fired. It was brought out that he had testified to the contrary to the grand jury. Appellant contends that the weakening of Hoskins' testimony by this conflict, and its further weakening by the defendant's witnesses, rendered the Commonwealth's evidence insufficient to support the verdict. It is our opinion that the inconsistency in Bobby Hoskins' statements was not such as to destroy the probative value of his testimony,

and that the question of the weight and probative effect of the testimony was within the province of the jury. Rogers v. Commonwealth, Ky., 444 S.W.2d 548 (1969).

Appellant complains of the trial court's instruction No. 1, which, in so far as pertinent, was as follows:

"Virgil Estep, wilfully and maliciously did with a shot gun loaded with leaden pellets or other hard substance shoot at or into or upon the automobile occupied by persons, then the jury should find the defendant guilty as charged in the indictment * * *."

■ Appellant contends that the instruction did not require the jury to believe that appellant shot at or into the automobile occupied by the Hoskins family. He reasons that the instruction was misleading and permitted the jury to find him guilty of an offense not charged in the indictment. The indictment made specific mention of the identity of the victims of the offense and charged that the appellant shot into the car occupied by Hoskins and his family. The evidence at the trial was substantial and clear to the effect that the appellant had shot into the car occupied by Bobby Hoskins and his family. The "persons" referred to in the instruction could have been none other than the Hoskins family. The appellant did not claim that he shot into some other automobile. We are not persuaded that the jury could have been misled by this instruction. Appellant's argument to the contrary is without merit.

The judgment is affirmed.

All concur.