**John James MATTHEWS and Robert Bertrand Schofner, Appellants,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 9, 1972.

J. Calvin Aker, Somerset, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Judge.

John J. Matthews and Robert B. Schofner appeal from a judgment sentencing them to three (3) years in the penitentiary pursuant to a jury verdict finding them guilty of grand larceny. KRS 433.220.

We are of the opinion that the evidence was not sufficient to justify submission of the case to the jury and that the appellants were entitled to a favorable ruling on their motion for a directed verdict. It is not necessary to consider the other grounds on which they rely for a reversal.

There was no evidence for the defense. The principal witness for the Commonwealth was a Mrs. Hale, the proprietor of a furniture and variety store on Main Street in the city of Russell Springs, Kentucky. On the afternoon of May 25, 1971, the appellants, who were strangers, came into the store, browsed around for some time, and then departed without making a purchase. One of them purported to be looking for a wedding gift. As soon as they left Mrs. Hale discovered that her purse, containing two billfolds in which she kept a substantial amount of cash, was

missing. She at once notified the local police, and within an hour the appellants were apprehended and arrested in Albany, Kentucky, some 35 miles south of Russell Springs on U.S. Highway 127. The stolen property was not found.

On the afternoon in question Mrs. Hale was tending the store by herself. At about 1:00 P.M. she placed her purse "way back in under the counter" near the cash register. The appellants arrived between 3:00 and 4:00 P.M. One other customer, a Mrs. Winfrey, was present at the time but left while the appellants were still there. Evidently Mrs. Hale's suspicions were aroused by the actions of the appellants in "venturing . . . . all over the store," and she testified that when they left, "Just as quick as I walked back there, I knew what had happened . . . . So I got ahold of the law and told them what had happened," etc.

Mrs. Winfrey testified that she was in the store during the midafternoon of May 25, 1971, and saw one of the appellants. She also "heard another voice." She did not see anyone take anything, nor did she say that she had noticed any suspicious conduct. Neither her testimony nor that of Mrs. Hale placed either of the appellants at any time in the vicinity of the counter under which the purse had been secreted. There was no evidence as to how many other persons had been present in the store between 1:00 P.M., when Mrs. Hale last saw the purse, and 3:00 P.M., when the appellants came in, nor was any effort made to show that Mrs. Hale herself was present all during this interim. At the very least, it was incumbent on the Commonwealth to prove that the purse was there when the appellants arrived, and this it could not do without excluding the possibility that it had been removed before that time.

The arrest was made at about 4:30 P.M. by the sheriff of Clinton County, who had been notified of the theft and of the southwardly direction in which the appellants had left Russell Springs. His account of the arrest was as follows:

"A. They reported which way they went and I got in my car and went after them; caught Mr. Matthews going over the hill running.

Q. Where is this hill in relation to Albany, Kentucky?

A. It's west of Albany, at the top of the hill.

Q. Where you found Mr. Matthews? Where did you find Mr. Schofner?

A. I found him setting in a '71 Thunderbird heading south."

Upon arresting Matthews the sheriff found lying on the front seat a road map upon which Russell Springs, Albany, Burkesville, Lebanon and other towns had been marked. The record is silent as to what was done with the automobile at that point, but on the next morning it was searched by a state police detective pursuant to a search warrant and nothing having any relevance to this case was found.

There was further testimony by two witnesses that the appellants were seen in a dry goods store at South Albany, Kentucky around 4:00 or 4:30 P.M. on the day the purse was stolen, which must have been very shortly before they were arrested.

The appellants did not testify, and there was no evidence that they had made any pretrial statements with respect to the events in question. Though flight from arrest is a well-established indication of guilt, the sheriff's cryptic statement that he "caught Mr. Matthews going over the hill running" is too meager an account of the incident to impart much probative value to the Commonwealth's case. We do not know, for example, whether he was aware of the sheriff's identity or knew he was about to be arrested.

It seems to us that the evidence in the case does no more than point the finger of

suspicion, and is even less persuasive than that which was held insufficient in Penix v. Commonwealth, 264 Ky. 768, 95 S.W.2d 616 (1936). "It is fundamental justice that no person may be convicted of a crime merely upon suspicion." Sloan v. Commonwealth, 258 Ky. 461, 80 S.W.2d 553, 555 (1935). See also Thompson v. Commonwealth, Ky., 479 S.W.2d 583 (decided March 31, 1972), and Collinsworth v. Commonwealth, Ky., 476 S.W.2d 201 (decided Feb. 4, 1972).

The judgment is reversed for proceedings consistent with this opinion.

All concur.