**John A. WEBB, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1973.

Neville Smith, Manchester, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

John A. Webb was found guilty as a second offender under the local-option law (KRS Chapter 242). His punishment was fixed at a fine of $100 and confinement in the county jail for sixty days. He was

also required to execute the statutory $1,000 local-option bond.

Webb claims that the trial court erred in failing to sustain his motion for a directed verdict.

Webb resided in a small four-room house identified as the third house past Shoopes Service Station, while his sister lived in the fourth house. Pursuant to a search warrant issued on March 24, 1972, officers searched Webb's residence and a store-room attached to his sister's house and seized in excess of twelve cases of beer located in the storeroom. Webb was charged with possession of the beer in violation of the local-option law.

Webb disclaimed ownership or possession of the beer. His sister told the sheriff that it was hers, having been bought for a birthday party. There were also found in the storeroom a number of items of personal property admittedly belonging to Webb.

At the time the officers arrived to execute the search warrant, Webb was observed coming out of the door to the store-room. The evidence is in conflict as to whether he went back in after he saw the officers coming or was already out when they arrived on the scene. However, he did bring out of the storeroom two hubcaps which he delivered to a customer in a vehicle parked in front of his residence.

A state trooper and the sheriff both testified that Webb had been observed upon numerous occasions going in and coming out of the storeroom. Although the store-room was attached to the house belonging to Webb's sister, there was only one entrance—the one being used by Webb.

Webb had the reputation of being a "bootlegger" and had previously been convicted of possession and sale of alcoholic beverages in local-option territory.

Webb contends that he used the room solely for the purpose of storing items of personal property and that the beer in the storeroom was his sister's. However, there was sufficient evidence of his right of ingress and egress to connect him with the possession and control of the beer. Although the evidence was largely circumstantial, it was of such probative value as to warrant the submission of Webb's possession to the jury. Marcum v. Commonwealth, Ky., 411 S.W.2d 462 (1967); Duff v. Commonwealth, Ky., 464 S.W.2d 264 (1971).

The motion for a directed verdict was properly overruled. Estep v. Commonwealth, Ky., 481 S.W.2d 93 (1972); Bradley v. Commonwealth, Ky., 465 S.W.2d 266 (1971).

The motion for appeal is denied; the judgment is affirmed.

All concur.