James William **BROWN**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 28, 1974.

Anthony M. Wilhoit, Public Defender, William C. Ayer, Jr., Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

James W. Brown was indicted for the unlawful sale of narcotics. The indictment alleged sales to David Eades, Mary Smith, and Bill Smith. The count as to Bill Smith was dismissed. The jury found Brown guilty of sales to David Eades and Mary Smith and fixed his punishment at fifteen years' confinement in the penitentiary and a $5,000 fine on each count.

Brown complains first that the court committed prejudicial error when it

failed to direct a verdict on the count charging sales to David Eades, because the evidence failed to support a conviction. The thrust of Brown's contention arises from the testimony of Dr. Nat H. Sandler, a psychiatrist. Dr. Sandler had never consulted with, examined, or treated Eades, his testimony being based upon his general observations at the Lexington Comprehensive Care Center. The totality of his evidence produced nothing other than the possibilities that Eades was either not using heroin or that that being used was of a very low quality and that Eades' reactions on use, as described to him, might be caused also by a barbiturate.

Eades testified that in his opinion Brown sold him heroin, that he had asked for heroin, and Brown had given him what purported to be heroin. He also stated that he had used heroin for a period of some six months and was familiar with the reaction produced upon him by its use and that the heroin sold to him by Brown produced the same reaction. Brown claimed that Eades was not qualified to testify regarding the substance which he purchased.

Eades gave a history of long use of various dangerous drugs, as well as heroin. Brown cites White v. Commonwealth, Ky., 499 S.W.2d 285 (1973), in support of the claimed disqualification of Eades. In White, Eades was also a prosecuting witness, and there this court held that he was qualified to prove that the substance was heroin because a user of narcotics was qualified to identify the drug he uses. White was alleged to have sold Eades heroin on November 19, 1971, while Brown was alleged to have sold heroin to Eades on November 17, 1971, and it is difficult for us to see how a man who was qualified on November 19, could not possibly have been qualified on November 17. We have held that it is only when the testimony on behalf of the Commonwealth fails to incriminate the accused or is wholly insufficient to show guilt that a directed verdict should be given. Carmen v. Commonwealth, Ky., 490 S.W.2d 744 (1973);

Bradley v. Commonwealth, Ky., 465 S.W. 2d 266 (1971). In light of the evidence of Eades, the trial court did not commit error in overruling Brown's motion for a directed verdict of acquittal.

■ Brown next complains that the court committed error in refusing to grant a mistrial because of the questionable competency of the witness, Mary C. Smith. Brown was charged with selling heroin to Mary C. Smith on or about December 5, 1971. At the time Mary C. Smith testified she was in the hospital being treated for drug addiction, having been arrested a short time before on the charge of using narcotics. At the time she took the witness stand, she testified that she was on methadone, tranquilizers, and muscle relaxants. Brown contends that the fact that she was under the influence of this medication rendered her incompetent to testify. The trial court examined her at length concerning her waiving the constitutional right not to testify in view of the charge pending against her. The record shows that she was aware of the situation and was able to think and give responsive answers to questions propounded. The trial court ruled that she was competent to testify, and we see no error in this ruling. Under the circumstances of this case, the fact that this witness was under the influence of different medications did not go to her competency to testify but would affect only the credibility of her testimony. Travis v. Commonwealth, Ky., 457 S.W.2d 481 (1970).

■ Brown next complains that the court committed error in allowing testimony concerning other sales of heroin by him for which he was not at that time being tried. The problem confronting Brown here was brought about by the fact that Charles Stanley Smith denied, when called as a witness, that he had ever observed instances where Brown had sold drugs to Barry Matchem. At a prior date Smith had given a police officer a statement which included an assertion that he had

observed sales made by Brown, including the sale to Barry Matchem. After Smith denied such statements, the police officer was put on the stand, and he testified concerning statements Smith had made to him, which included that concerning a sale to Matchem. Although Brown admits that evidence of prior sales was competent, it is claimed that the evidence of the police officer was not competent and should have been stricken. We are of the opinion that in this case the evidence of the police officer was competent and admissible in light of the rationale expressed in Jett v. Commonwealth, Ky., 436 S.W.2d 788 (1969).

 Brown next claims that the court committed error in refusing to instruct upon the sale of barbiturates, in regard to the sale to Eades. Here, again, the evidence of the psychiatrist was relied upon as a justification for the instruction. While it is true that the psychiatrist indicated that Eades' reaction to the substance taken was consistent with that of barbiturates, there is not a word in this record which indicates in any way that Brown sold a barbiturate to Eades. Eades' own testimony is that he asked Brown for heroin and that Brown sold it to him at $10 a bag. The possibility that the substance was a barbiturate is the rankest of speculations. The trial court did not err in refusing to give this instruction. Edwards v. Commonwealth, Ky., 489 S.W.2d 23 (1972).

 Brown's final claimed error involves the failure of the court to advise him that he had the right to elect to be tried under the provision of KRS 218A, The Kentucky Controlled Substances Act of 1972. This act became effective on July 1, 1972, some ten days prior to Brown's trial. The act provided for lesser penalties than the old Chapter 218 and permitted a defendant to elect to be tried under this new law. The fact that Brown had a right to elect did not render it incumbent upon the trial court to inform him of this right. He was represented by counsel and it was the duty of his counsel to look after his interests. The failure to advise could not have been an error on the part of the trial court.

The judgment is affirmed.

All concur.