Edward D. **GOOSEY** and Eugene Reese, Appellants,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1974.

and their punishment fixed at twelve years' imprisonment.

They claim that the court erred in admitting into evidence shotgun shells and a diagram of the scene of the shooting which had not been properly identified. They further claim that the court erred in overruling their motion for a directed verdict.

In the early morning hours of August 1, 1972, Billy McCord and his wife observed a man tampering with the motor on their boat. The boat was located in a side yard which adjoined the Ironworks Pike in Scott County. McCord armed himself and called out to the intruder, whom he described as a shirtless white man with bushy hair. When the man fled toward the road McCord fired several shots over his head. McCord's last shot was answered by a shotgun blast fired from the trees near the road. Shot from the shotgun injured McCord about the head and neck. Shortly after the shooting, McCord heard an automobile start a short distance down the Ironworks Pike from his residence. He said that the automobile had a loud muffler.

Upon being notified of the shooting, Deputy Sheriff Glass and his partner proceeded toward the Ironworks Pike and the McCord residence. When Glass was within approximately a mile of the residence, he stopped an automobile coming from that direction. The automobile was being operated by Goosey, who was at that time shirtless. Reese was a passenger in the front seat. Deputy Glass observed a shotgun leaning on the seat between the two men. He took possession of the shotgun and three shells that were found on the seat of the car. Glass placed no identifying marks on the shells but kept them in his possession until he delivered them to Detective George Marshall. Glass later found an empty shotgun shell in the vicinity of the McCord house at the approximate place where McCord claimed that the shot had been fired. Glass did not mark this

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Peter C. MacDonald, Asst. Attys. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

. Edward D. Goosey and Eugene Reese were indicted, tried, and found guilty of shooting and wounding with intent to kill

shell, but it was also delivered by him to Detective Marshall. The shotgun and shells were examined by a ballistics expert at the Kentucky State Police Crime Laboratory who determined that the shotgun found in the automobile had fired the shell found at the scene of the shooting. Glass testified that the shells exhibited to him at the trial were exactly like or looked like the shells which he had found in the car or picked up at the scene of the shooting. He could not positively say that they were the actual shells. Goosey and Reese asserted that this evidence did not properly identify the shells and they should not be admitted into evidence.

While the integrity of exhibits must be preserved, there are numerous ways of showing that the exhibits were secure and safe from alteration. Although Glass failed to mark the shells and could not definitely identify them as the same shells found by him, the total evidence conclusively establishes their integrity and admissibility as exhibits.

Glass had possession of the shells found by him until he personally delivered them to Detective Marshall. After Marshall received the shells and had marked the empty shell with the initial "M," he delivered all of them to Detective Noah Wise. Detective Wise marked all of the shells with the initials "NW" and delivered them to Sgt. Bobby Sloan at the State Police Crime Laboratory. The shells were marked with a case number, 72–808, by Sgt. Sloan as soon as he received them.

When the shells were offered in evidence at the trial, Detective Marshall testified that they looked like the same shells that he had received from Deputy Glass, and the empty shell was further identified by the initial "M." Detective Wise testified that they were the same shells delivered to him by Marshall, identifying them by the initials "NW." Sgt. Sloan identified the shells by the case number he had marked on them when received from Detective Wise. As the chain of possession was continuous and exclusive, the integrity of the shells as exhibits had not been violated, and they were admissible into evidence. Pendland v. Commonwealth, Ky., 463 S.W.2d 130 (1971); Jenkins v. Commonwealth, Ky., 477 S.W.2d 795 (1972).

■ The Commonwealth introduced a diagram of the shooting scene that had been prepared by Detective Marshall. He identified his handiwork, described the area depicted, and pointed out the locations of pertinent physical objects. On cross-examination counsel exhibited to Marshall a second diagram that Marshall had drawn. Apparently there existed a substantial discrepancy in the two diagrams concerning the location and identification of objects within the area depicted. The diagrams were identified in the testimony only as "this one," "drawing over yonder," and "that one." They were not made a part of the record on appeal. The record, absent the diagrams, fails to reflect any error in the admission of the drawing tendered by the Commonwealth.

■ Goosey and Reese explained their presence on the Ironworks Pike by claiming that as they had been drinking beer they were traveling the back roads to Frankfort in an effort to avoid police detection. They both denied being at the scene of the shooting. Yet, in order for them to reach the point where they were arrested it would have been necessary for them to pass the McCord residence. Although there is no direct evidence that either man was in the immediate area when McCord was shot, other evidence effectively implicates them. The man tampering with the McCord boat was not wearing a shirt; neither was Goosey when he was arrested. Reese, the passenger in the Goosey automobile, acknowledged ownership of the shotgun found on the front seat. The gun appeared to have been fired recently. Sgt. Sloan, the ballistics expert, testified that the shotgun found in the car had fired the shell found at the scene of the shooting. Considering the evidence in

its entirety, it was more than sufficient to justify submission of the case to the jury. The trial court properly overruled the motions for a directed verdict. Bradley v. Commonwealth, Ky., 465 S.W.2d 266 (1971); Carmen v. Commonwealth, Ky., 490 S.W.2d 744 (1973).

The judgment is affirmed.

All concur.