REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 18

September Term, 2016

_____


JESUS GARDUNO CRUZ

v.

STATE OF MARYLAND

_____


Krauser, C.J.
Graeff,
Nazarian,

JJ.
_____

Opinion by Graeff, J.
_____

Filed:  March 3, 2017

Jesus Garduno Cruz, appellant, was convicted by a jury, in the Circuit Court for Wicomico County, of first and second degree rape, third and fourth degree sex offenses, first and second degree assault, kidnapping, and reckless endangerment. The court imposed a sentence of 40 years for the conviction of first degree rape, and the remaining convictions were merged for sentencing purposes.

On appeal, appellant raises the following question:

Did the circuit court err by not striking the testimony of the main witness for the State?

For the reasons set forth below, we answer that question in the negative, and therefore, we shall affirm the judgments of the circuit court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Because the sole issue on appeal involves the competency of a witness to testify, we shall provide only a brief recitation of the facts.

Ms. F. testified that, on May 22, 2015, she was abducted by appellant, who drove her to a field, pulled her out of the vehicle, and raped her at gunpoint. She described how she struggled with appellant during the rape and eventually managed to escape.

On cross-examination, defense counsel asked whether the victim, who admitted that she was a heroin addict, had used heroin the day of trial. The victim responded that she had used $40 worth of heroin at 6:30 that morning. Defense counsel moved to strike her testimony, stating: "She has used heroin today. She *could* be under the influence of it now. She has obviously admitted to using it. I don't believe she is competent to testify due to the fact that she has been using heroin." (emphasis added). The court denied the

motion, stating: "The witness['] . . . answers to questions have been very responsive. She has handled herself very well. She does not appear to be in any way under the influence, so I'm going to deny your motion."

Molly Rollo, an expert in forensic serology and DNA analysis, testified that swabs taken from the victim's body contained appellant's DNA. She also found DNA consistent with profiles of appellant and the victim on the interior of a condom found behind a chicken coop at appellant's house.

Appellant testified that he saw the victim at approximately 11:00 p.m. on May 21, 2015, at a store along the "route" she worked, and he accepted her offer to have sex in exchange for $20. Later that night, his brother called, and he learned that the victim was trying to charge his brother $80 to engage in sexual activity. He told the victim that the price was too high, and his brother was leaving. Appellant testified that the victim became upset and left.

## DISCUSSION

Appellant contends that the circuit court erred in denying his motion to strike the victim's testimony. He asserts that, "[b]ecause she used heroin earlier that morning and was an admitted addict, one may only speculate about whether her drug usage interfered with her ability to testify truthfully," and therefore, "[a]s a matter of law, the victim was not competent to testify."[1]

---

[1] Appellant additionally contends that, even if the victim was competent to testify, it was unfairly prejudicial to have the State's case rest on the testimony of someone who had used "a very debilitating drug only hours before testifying." Because (continued . . .)

The State contends that "the trial court properly exercised its discretion when it determined that the victim was competent to testify and refused to strike her testimony." It asserts that appellant did not meet his burden of showing that the victim was incompetent to testify and "did not have 'sufficient capacity to observe, recollect, and recount' the horrific events she experienced." (quoting *Perry v. State*, 381 Md. 138, 145 (2004)).

In *Perry*, 381 Md. at 145, the Court of Appeals summarized the law relating to decisions regarding the competency of witnesses as follows:

> Md. Rule 5-601 notes that "[e]xcept as otherwise provided by law, every person is competent to be a witness." This rule is derived from Fed.R.Evid. 601, and, like the federal rule, it "places the burden on the opponent of a witness to show that the witness is incompetent." Lynn McLain, *Maryland Rules of Evidence* 103 (2d ed. 2002) (citing *United States v. Odom*, 736 F.2d 104, 112 (4th Cir.1984)). As stated by Professor McLain, under this rule, almost no one is *per se* incompetent to testify. Lynn McLain, *Maryland Rules of Evidence* 103 (2d ed. 2002).

In determining whether a witness is competent to testify, the trial court, in its discretion, should determine "[1] 'whether an individual witness has sufficient capacity to observe, recollect, and recount pertinent facts' and [2] whether that individual 'demonstrates an

---

(. . . continued) appellant does not elaborate on that contention beyond that sentence, and because this issue was not raised below, we shall not consider it. *See Sutton v. FedFirst Fin. Corp.*, 226 Md. App. 46, 80 n.18 (2015) (when party fails to adequately brief an argument, court may decline to address it on appeal), *cert. denied*, 446 Md. 293 (2016); Md. Rule 8-131(a) ("Ordinarily, the appellate court will not decide any . . . issue unless it plainly appears by the record to have been raised in or decided by the trial court."). We do note, however, that appellant was free to question the victim about the degree of drug influence, *see Lyba v. State*, 321 Md. 564, 571 (1991) (defense counsel could delve into degree of drug influence "so that the jury could decide the credibility of the victim and how much weight to give her testimony"), and to argue to the jury that, because the victim had used drugs that morning, her version of the events was unreliable.

understanding of the duty to tell the truth.'" *Id.* (quoting Lynn McLain, *Maryland Rules of Evidence* 103 (2d ed. 2002)).

A trial court's determination that a witness is competent to testify is a matter within the trial court's discretion, and a decision in that regard will not be disturbed absent an abuse of discretion. *Id.* at 148. An abuse of discretion will be found only "'where no reasonable person would take the view adopted by the trial court,'" when the court acts "'without reference to any guiding principles or rules[,]'" or when the ruling is "'clearly against the logic and effect of facts and inferences before the court.'" *Md. Bd. of Physicians v. Geier*, ___ Md. ___, No. 11, Sept. Term, 2016, slip op. at 14 (filed Jan. 23, 2017) (quoting *Gallagher Evelius & Jones, LLP v. Joppa Drive-Thru, Inc.*, 195 Md. App. 583, 597 (2010)).

Maryland law is clear that issues relating to the credibility of a witness are different from the requirements of a competency determination. For example, in *Evans v. State*, 304 Md. 487, 509 (1985), *cert. denied*, 478 U.S. 1010 (1986), the Court of Appeals addressed the admissibility of the testimony of a witness who "had given various inconsistent versions of the relevant facts, had lied under oath, was a prostitute and a user of drugs, had an unfortunate background and indicated that she would lie when it suited her purposes." Noting that "the evidence supported the conclusion that [the witness] understood and appreciated the nature of an oath and possessed the capacity to observe and describe correctly the facts about which she was called to testify," the Court held that the "issue was one of credibility, not of admissibility, and the trial judge correctly denied the motion to exclude [the witness'] testimony."

4

The parties have not cited, and we have not found, any Maryland case specifically addressing whether a witness is competent to testify when he or she is under the influence of drugs at the time of the witness' testimony. Other jurisdictions, however, have held that drug use, without more, does not render a witness incompetent to testify.

In *U.S. ex rel. Lemon v. Pate*, 427 F.2d 1010, 1011 (7th Cir. 1970), the United States Court of Appeals for the Seventh Circuit rejected the argument that a witness was incompetent to testify because he was a narcotics addict and had used narcotics on the day of the trial, prior to giving his testimony. The Court held that, where the trial judge "had the opportunity to observe [the witness'] physical appearance, audible articulation and continuity of testimony," and it was satisfied that the witness was competent, "the fact that [the witness] was an addict was a matter to be considered in connection with his credibility and the weight which should be given his testimony but not his competency." *Id.* at 1014.

Similarly, in *Fox v. Nevada*, 491 P.2d 35, 36 (Nev. 1971), the Supreme Court of Nevada stated that "'[a] witness cannot be excluded on the ground that he is a drug addict unless it appears that he was so under the influence of a drug that he was not able to observe what occurred or that his intellect was unbalanced.'" (quoting 3 *Wharton on Criminal Evidence* § 758 (12th ed. 1955)). The court rejected the argument that the trial court erred in failing to strike a witness' testimony because the witness was under the influence of heroin, and therefore, incompetent. *Id.* The court noted that it was within the discretion of the trial court to determine whether a person is competent to testify, and the trial court found that the witness did not appear to be "high on narcotics," but rather,

5

he had handled himself "very well" on cross-examination. *Id.* at 37. Under these circumstances and where the jury was instructed regarding credibility and the weight to be given witness' testimony, the court found that "it was proper to permit [the witness'] testimony to stand." *Id.* [2]

Other courts have reached similar conclusions. *See, e.g.*, *State v. Moore*, 213 P.3d 150, 160 (Ariz.) (a witness under the influence of drugs is competent to testify "unless she is so impaired that she cannot coherently respond to questioning"), *cert. denied*, 558 U.S. 1053 (2009); *Brown v. Commonwealth*, 511 S.W. 2d 209, 211 (Ky. Ct. App. 1974) (that "this witness was under the influence of different medications did not go to her competency to testify but would affect only the credibility of her testimony").

We agree with the reasoning of these cases. Accordingly, we hold that the use of drugs, without more, does not render a witness incompetent to testify. Thus, a witness who is a drug addict, or who testifies while under the influence of drugs, is not incompetent *per se*. Rather, to be deemed incompetent to testify, there must be a showing that the witness' mental capacity is impaired to such an extent that the witness lacks "sufficient capacity to observe, recollect and recount pertinent facts" or does not understand the duty to tell the truth. *Perry*, 381 Md. at 145. *See also* 6 Lynn McLain,

---

[2] Here, the jury was instructed on witness credibility as follows:

> In deciding whether a witness should be believed, you should carefully judge all the testimony in evidence as well as the circumstances under which the testimony was given. You should consider such facts as: the witness' behavior on the stand and manner of testifying . . . .

> You are the sole judge of whether a witness should be believed.

6

*Maryland Rules of Evidence* § 601:1(e) (3d ed. 2013) ("Even a person who is, for example, mentally ill, or an abuser of alcohol or drugs, will be found competent, unless the court finds a lack of capacity for reliable perception, memory, or communication."). In the absence of such a showing, a trial court does not abuse its discretion in determining that a witness' drug use presents an issue of credibility, not admissibility.

Here, the trial judge, who had ample opportunity to observe the victim on the stand throughout her direct and cross examination, found that her answers to questions had been "very responsive," that she had "handled herself very well," and that she did not appear to be "in any way under the influence" during her testimony. And there is nothing in the record to suggest that the victim did not understand the duty to tell the truth. Indeed, after taking the oath, she readily admitted to using heroin and engaging in prostitution. Under these circumstances, the circuit court did not abuse its discretion in determining that the witness was competent to testify and in denying the motion to strike the witness' testimony.

**JUDGMENTS OF THE CIRCUIT COURT FOR WICOMICO COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**