RENDERED: MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0840-MR

FRANK KISER, II                                                    APPELLANT

v.                        APPEAL FROM BOYD CIRCUIT COURT
                          HONORABLE GEORGE DAVIS, JUDGE
                          ACTION NO. 13-CI-00407

ASHLAND HOSPITAL
CORPORATION D/B/A KING'S
DAUGHTERS MEDICAL CENTER,
INC.                                                               APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL,
JUDGES.

McNEILL, JUDGE:  Frank Kiser ("Kiser") appeals from the Boyd Circuit Court's

summary judgment dismissing his claims against Ashland Hospital Corporation

d/b/a King's Daughter's Medical Center, Inc. ("KDMC").  For the reasons below,

we reverse and remand for further proceedings.

On April 25, 2012, Kiser, along with several of his friends, spent the day drinking at his house in celebration of his birthday the following day. In the evening, Kiser drove to a gas station nearby to purchase cigarettes. At that point, he had consumed around 18-24 beers and several shots of vodka. As Kiser pulled into the gas station, he hit one of the gas pumps with his truck. Police arrived and arrested Kiser for driving under the influence.

Officer Chris Kohut, the arresting officer, took Kiser to KDMC for a blood test to determine his blood alcohol concentration ("BAC"). Steven Williams, a security officer at KDMC, assisted Officer Kohut upon his arrival. According to Williams, Kiser was loud and animated and did not want to have his blood drawn. As they attempted to get Kiser to the phlebotomy room, he began pulling away from Officer Kohut. Williams helped Officer Kohut take Kiser to the ground and regain control. During the process, Kiser apparently hit his head on the floor. Throughout the ordeal, Kiser was restricted in handcuffs.

Kiser was taken to a room and examined by Dr. William Webb. Dr. Webb ordered Kiser's blood to be drawn. Kiser became verbally aggressive and combative, and at one point kicked a metal supply basket off the wall. Kiser was ushered to the bed, restrained to a backboard, and his blood was drawn. A blood test showed Kiser's BAC was .194.

Kiser tells a different version of the story. According to Kiser, after he kicked the metal supply basket off the wall, several KDMC security officers tackled him to the bed and began hitting him with their fists and elbows. Kiser alleges KDMC security officers held him down while his blood was drawn and that the backboard was only used afterwards to take him to get a CT scan.

On April 25, 2013, Kiser filed a complaint in Boyd Circuit Court against KDMC[1] alleging negligence, gross negligence, and assault based upon the actions of KDMC security officers and other hospital personnel. The case was set to be tried on February 10, 2020. Prior to trial, KDMC moved to exclude Kiser's testimony pursuant to KRE[2] 601, arguing that Kiser was not competent to testify due to his intoxication at the time of the events in question. Along with its motion, KDMC filed the affidavit of Dr. Douglas Rund who opined that with a BAC of .194, Kiser would have been "seriously impaired" and his memory of the events "unreliable."

The trial court granted the motion, finding "there is no medical evidence by Plaintiff to rebut the sworn affidavit of Dr. Rund[.]" Thereafter, KDMC moved for summary judgment, arguing that without Kiser's testimony, he

---

[1] The complaint also named the City of Ashland as a defendant, but they were dismissed by agreed order on August 17, 2017.

[2] Kentucky Rules of Evidence.

was "unable to present direct evidence to support his claims[.]" The trial court agreed and granted the motion, dismissing Kiser's claims. This appeal followed.

As an initial matter, we must address the deficiency of Kiser's appellate brief. His argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR[3] 76.12(4)(c)(v). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine Kiser's argument was properly preserved, we will ignore the deficiency and proceed with the review.

---

[3] Kentucky Rules of Civil Procedure.

-4-

Kiser argues the trial court erred in excluding his testimony pursuant to KRE 601 and thus summary judgment was improper.  Specifically, he argues the fact he was intoxicated at the time of the events in question goes to the weight of his testimony, not his competency to testify.  We agree.

We review a trial court's ruling regarding the competency of a witness to testify for an abuse of discretion.  *Jarvis v. Commonwealth*, 960 S.W.2d 466, 468 (Ky. 1998) (citation omitted).  "Pursuant to KRE 601, a witness is competent to testify if she is able to perceive accurately that about which she is to testify, can recall the facts, can express herself intelligibly, and can understand the need to tell the truth."  *Pendleton v. Commonwealth*, 83 S.W.3d 522, 525 (Ky. 2002).

However, the Commentary to KRE 601 explains:

> This provision serves to establish a minimum standard of testimonial competency for witnesses.  It is designed to empower the trial judge to exclude the testimony of a witness who is so mentally incapacitated or so mentally immature that no testimony of probative worth could be expected from the witness.  It should be applied grudgingly, only against the "incapable" witness and never against the "incredible" witness, since the triers of fact are particularly adept at judging credibility.

Commentary to KRE 601, Evidence Rules Study Committee, Final Draft (1989).

Thus, "KRE 601 recognizes a presumption of competency and permits disqualification of a witness only upon proof of incompetency."  *Price v. Commonwealth*, 31 S.W.3d 885, 891 (Ky. 2000).  The only evidence KDMC

presented as proof of Kiser's incompetency was his BAC of .194 and the affidavit of Dr. Rund, who opined Kiser's memory would be unreliable. KDMC argued below, as it does on appeal, that based upon Kiser's intoxication at the time of the events, he "[l]acked the capacity to perceive accurately the matters about which he proposes to testify" and "[l]acks the capacity to recollect facts[.]" KRE 601(b)(1) and (2).

The trial court's order does not reference KRE 601 or address Kiser's testimony specifically. In fact, the only bases cited for finding Kiser incompetent to testify are that Kiser's BAC was .194 and that "there is no medical evidence by Plaintiff to rebut the sworn affidavit of Dr. Rund[.]" However, the general rule is that

> [w]hen a witness admits to drinking or consuming drugs heavily at the time of critical events to which the witness is to testify, the question is properly treated by the court as one of credibility, not competency, and therefore best left to the jury even if the witness also testifies to an ebbing or fading memory concerning those events.

98 C.J.S. *Witnesses* § 115 (2021) (citations omitted).

Though not directly on point, our Supreme Court has held that even where a witness is known to be under the influence of drugs, if she can think clearly and give responsive answers, the influence does "not go to her competency to testify but would affect only the credibility of her testimony." *Brown v. Commonwealth*, 511 S.W.2d 209, 211 (Ky. 1974) (citation omitted). In an

-6-

unpublished case, *Treadway v. Commonwealth*, No. 2008-CA-001343-MR, 2010 WL 135098, at *1 (Ky. App. Jan. 15, 2010),[4] a panel of this Court held that a witness to a robbery who was intoxicated at the time of the offense was competent to testify because there was nothing in the record "establish[ing] his inability to testify at trial."

A review of Kiser's deposition testimony shows that he had the capacity to "perceive accurately the matters about which he propose[d] to testify" and "to recollect the facts[.]" KRE 601(b)(1) and (2). Kiser's recitation of the events broadly mirrored that of Williams. Kiser recounted entering the hospital, going into a small room, being read the implied consent form, going into a second room, being examined by the doctor, kicking the metal supply cabinet off the wall, being placed on a bed, and having his blood drawn. Though Kiser did not remember being taken to the ground and was unable to recall certain details of the incident, a witness's inability to recollect every specific detail of an event affects only the credibility of his testimony, not his competency to testify. *Price*, 31 S.W.3d at 891. Therefore, the trial court abused its discretion in finding Kiser was not competent to testify at trial.

---

[4] Pursuant to CR 76.28(4)(c), we cite to this unpublished opinion as there is no published opinion directly on point.

We now turn to whether the trial court erred in granting summary judgment to KDMC. "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Coomer v. CSX Transp. Inc.*, 319 S.W.3d 366, 370 (Ky. 2010). "We review a trial court's summary judgment ruling *de novo*." *Peterson v. Foley*, 559 S.W.3d 346, 348 (Ky. 2018) (citation omitted). "We must also view the record in a light most favorable to the nonmoving party and resolve all reasonable doubts in that party's favor." *Id.* (citation omitted). "[S]ummary judgment is to be cautiously applied and should not be used as a substitute for trial." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 483 (Ky. 1991).

Without Kiser's testimony, the trial court found "there [was] a complete absence of evidence by Mr. Kiser to support his allegations against KDMC." Therefore, it ruled there was no genuine issue of material fact for trial and KDMC was entitled to summary judgment. Because we hold the trial court erred in excluding Kiser's testimony, summary judgment was therefore improper.

Accordingly, the order of the Boyd Circuit Court is reversed and this case is remanded for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael J. Curtis
Ashland, Kentucky

BRIEF FOR APPELLEE:

Kenneth Williams, Jr.
Dustin C. Haley
Ashland, Kentucky