RENDERED:  APRIL 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1317-ME

JAMES WINFREY WHEELER, II                                    APPELLANT


v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE ROSS EWING, JUDGE
ACTION NO. 25-D-00571-001


AMY GRIGSBY WHEELER AND
A.W., A MINOR CHILD                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

ACREE, JUDGE:  James Wheeler, *pro se*, appeals the Fayette Circuit Court's

denial of his CR[1] 60.02 motion to vacate a domestic violence order (DVO) entered

against him.  We affirm.

Amy Wheeler filed a petition for an order of protection for both her

and the parties' minor child, A.W.  The trial court granted the DVO.  Germane to

---

[1] Kentucky Rules of Civil Procedure.

the instant appeal, the trial court stated in its findings that James "may have been under the influence of alcohol during the proceeding itself." (Record (R.) 24.) James did not appeal the DVO. Instead, more than two months later, he filed a motion to vacate the DVO pursuant to CR 60.02. The trial court denied the motion, and this appeal followed. We develop additional facts as necessary.

"Our standard of review for a trial court's denial of a CR 60.02 motion is abuse of discretion." *Lawson v. Lawson*, 290 S.W.3d 691, 693 (Ky. App. 2009).

James sought relief under CR 60.02(b), which authorizes vacatur where there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02." James alleges that following entry of the DVO, at a subsequent dependency, neglect, or abuse (DNA) hearing, the trial judge stated James had been "drunk" at the DVO hearing. James contends this amounts to newly discovered evidence, and he contends he "had no notice of this allegation until . . . after the 30-day appeal window had closed." James further asserts: "Judge Ewing's thoughts were his own and not revealed until [after the time to appeal had lapsed]. It was not discoverable. It was revealed 33 days later—three days after the appeal window closed."

To begin, James's alleged drunkenness at the hearing cannot be "newly discovered evidence." James has always known whether he was drunk at

the hearing. Beyond that, James's argument is conclusively refuted by the record. The findings in the DVO entered by the trial court stated James "may have been under the influence of alcohol during the proceeding itself." (R. 24.) James could have discovered the trial court's concern through the most basic due diligence: reading the trial court's findings of record.

Further, our Supreme Court held that, where a witness "under the influence" of methadone, tranquilizers, and muscle relaxants "was able to think and give responsive answers to questions propounded," the witness was "competent to testify," as being "under the influence of different medications did not go to her competency to testify but would affect only the credibility of her testimony." *Brown v. Commonwealth*, 511 S.W.2d 209, 211 (Ky. 1974). James does not dispute the trial court's finding its denial of his CR 60.02 motion that James was "able to recall details of [the DVO] hearing and participate in same." (R. 98.) James cites no authority for his contention the DVO proceedings were rendered "void" by his alleged drunkenness.

On that point, James contests the supposition he was drunk at the DVO hearing, making it even less clear why he believes he is entitled to relief. James argues that if he was drunk, he was incompetent, thereby making the DVO proceedings "void." On the other hand, he says if "he was not intoxicated, then the judge's later statement was false, biased, extrajudicial, and injected improper

prejudice into the ruling.  Either scenario renders the DVO structurally defective and unconstitutional."  James does not cite any legal authority for this contention, and makes no effort to explain how the trial judge's comment in a separate proceeding, more than a month after the DVO ruling, retroactively "injected" that ruling with bias.  James has not identified pertinent facts or legal authority to warrant relief under CR 60.02(b), and the trial court did not abuse its discretion in denying his motion.

The October 7, 2025 order of the Fayette Circuit Court denying James's CR 60.02 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James W. Wheeler, II, *pro se*
Winchester, Kentucky

BRIEF FOR APPELLEES:

Lisa L. Johnson
Lexington, Kentucky